[Civ. No. 6312.  Second Appellate District, Division Two.—March 21, 1929.]

BENJAMIN GARDNER, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Heyfron, Davis & Heyfron and Max Lewis for Petitioner.

William P. Redmond for Respondents.

THOMPSON (IRA F.), J.—The petitioner here was found guilty of contempt by the respondent court and sentenced to five days' imprisonment in the county jail. He seeks by the writ of review to have the judgment annulled on the ground that the court had no jurisdiction to pronounce it. In support of this contention he advances two arguments. He says, first, that the original restraining order which the petitioner is claimed to have violated is

void on its face, and, second, that the affidavit upon which an order was made for the petitioner to show cause why he should not be punished was insufficient to confer jurisdiction on the court.

It appears from the record that prior to September 7, 1928, four actions were pending in the respondent court, all of them in some way relating to the title or right of possession to certain real property in the possession of Beth David Nusach Sephard, a religious corporation, from about January 11, 1926, to about August 21, 1928; that on the latter day, well knowing that a writ of assistance had previously issued to the plaintiff in the action entitled *Morrow & Baer* v. *Gardner*, one Annie Weinberg by and through her agent B. Gardner, secured a writ of assistance to issue out of the respondent court to place Annie Weinberg in possession; that on September 7, 1928, after hearing for that purpose, the respondent court made its order setting aside the writ of assistance issued to Annie Weinberg, and restraining Annie Weinberg, B. Gardner (the petitioner here) and E. T. McGann from applying for or obtaining an order in an effort to obtain possession of the real property involved until the title and right of possession thereto should be finally determined in the four actions then pending, to wit: *W. E. Morrow et al.* v. *W. N. Stamps et al., Anshei Sfard Congregation* v. *Beth David, Halstead Lumber Company* v. *W. E. Morrow* and *B. Gardner* v. *W. E. Morrow,* and restraining them from "interfering, hindering or molesting the Beth David Nusach Sephard, a corporation," in the peaceable and quiet possession of the premises. It is for a violation of this order that the petitioner was found guilty of contempt.

We can therefore revert to petitioner's first argument that the restraining order is void on its face. It needs barely more than a statement of the various contentions in this particular to show that some of them at least are untenable. It is said the order is void on its face for the following reasons:

(a) It is uncertain as to the time of its duration.

(b) It is uncertain as to the act from the doing of which petitioner was restrained.

(c) It attempts to enjoin the exercise of a legal right.

(d) It does not show on its face that a bond was required to be given by those at whose instance it was issued.

(e) It is self-contradictory because it attempts to enjoin petitioner from applying for an order until an order is made, and

(f) It does not disclose on its face the necessity for its own issuance.

■ With respect to the argument that the order is uncertain in the particulars mentioned, we must confess our inability to agree with petitioner. The order runs until title and right of possession is determined in the actions pending, this being equivalent to an ordinary order "until the further order of the court," and it restrains those named from interfering with the peaceable possession of the property, and from instituting any further or other proceedings which shall have as their object the disturbance of possession.

■ Next, we cannot agree with petitioner's assumption that the exercise of a legal right may never be restrained. In subdivision 6 of section 526 of the Code of Civil Procedure it is provided that an injunction may be granted "where the restraint is necessary to prevent a multiplicity of actions," and it is said in the first subdivision of the same section under the heading "An injunction may not be granted: 1. To stay a judicial proceeding pending at the commencement of the action in which the injunction is demanded, unless such restraint is necessary to prevent a multiplicity of such proceedings." Aside from the fact that all the reasons for the order are not necessarily to be incorporated in it, it does appear here from the face of the order that four actions were then pending, and it also appears from the record that two additional actions, affecting the title or right of possession to the property in question in the other four, were caused to be filed subsequently. It cannot be denied, therefore, that we must indulge the presumption that one of the controlling reasons for the issuance of the order was to prevent a multiplicity of proceedings.

■ That the order does not disclose on its face that a bond was required, or the reason for its own issuance, may be dismissed with the answer that we know of no law or rule of procedure requiring the order to so show. If either of these defects actually existed petitioner had his remedy, but he cannot urge that the order shows its own invalidity by its

failure to disclose these essentials. Nor can we sustain his contention that the order is void because it is self-contradictory. It is plainly apparent that the court intended to enjoin the petitioner and the others from cluttering the courts with further proceedings—not actions but mere attempts to secure possession *pendente lite*—until their claim of title and of right to possession should be determined in the actions then pending. It was not intended nor said that they should be precluded from asserting their rights therein.

We now turn to petitioner's contention that the affidavit was insufficient to confer jurisdiction on the respondent court to sentence him for contempt. In effect, petitioner's argument in this regard is: First, that the affidavit does not disclose that the restraining order issued September 7, 1928, was in full force and effect on September 14, 1928, when the acts complained of were committed; second, that the affidavit does not disclose that the act complained of was the act restrained; third, that it does not aver knowledge by petitioner of the existence of the restraining order; and, fourth, that it does not set up the giving of an undertaking prior to the issuance of the original restraining order. The affidavit sets forth the issuance of the order and its effect as we have heretofore outlined it and its service on petitioner on or about September 7th. It then avers that petitioner with "absolute intent and purpose and in contempt and contrary to the sanctity of the decrees and restraining order of the Court and in violation of the Court's Order" did institute and procure certain persons to file actions against the Beth David Nusach Sephard, a corporation, and caused writs of attachment to be issued and the synagogue located on the property to be padlocked, for the purpose of setting "at naught the purpose of said restraining order and to destroy the peaceful and quiet enjoyment of said premises by the Beth David Nusach Sephard, a corporation, and with intent to interfere, molest and destroy the peaceful and quiet religious worship of the members of said Beth David Nusach Sephard . . . " It also says that as a direct result of the attachments, the religious corporation was interfered with in the celebration and observance of the high holidays known as "Roshashonah" occurring September 14, 1928, and "Yom Kippur" on September 24, 1928. It is unnecessary to comment at any great length upon the first three reasons as-

signed by petitioner for the insufficiency of the affidavit. The order, it says, was issued September 7th, and one week later, for the sole purpose of setting it at naught, the petitioner committed the act which it is alleged was for the purpose and did actually interfere with the peaceable possession of Beth David Nusach Sephard. The act could not have been done for the purpose of setting at naught the order unless it was a subsisting order. In considering whether the act complained of was restrained it must be borne in mind that complaint is not made of the filing of the actions and the issuance and service of the writs of attachment, which it is claimed would not have been filed except for the actions and persuasion of the petitioner, but the act which is made the basis of the judgment is the stirring up of the litigation and the securing of the complaints to be filed by the petitioner with the purpose, object and effect of interfering with the observance of religious holidays. Also, it must be noted that during the temporary possession of the premises under a writ of assistance which it is said petitioner knew was procured to be wrongfully issued on account of the previous issuance of the same writ in favor of the Beth David Nusach Sephard Corporation, in an action in which the petitioner was a defendant, the petitioner caused certain people to perform labor upon and furnish materials to the premises in question. After he was dispossessed the second time he persuaded these same people to file the attachment actions. This was but an indirect way of asserting title to the premises for the reason that the validity of the attachments depended upon the title of the petitioner, the defendant in the actions which he procured to be filed. In other words, we may say of the actions that they were in the nature of being fictitious actions secured to be filed for the purpose of violating the second portion of the order, i. e., interfering with the peaceable possession of the Beth David Nusach Sephard, a corporation. So far as knowledge by petitioner of the order is concerned it is averred in the original affidavit that it was served upon him on September 7th. It is true that subsequently and in response to a reply affidavit of the petitioner a supplemental affidavit was filed in which the force of this statement is considerably weakened by the confession of affiant that the statement that the order was served upon petitioner ''ap-

parently may or may not be true." The supplemental affidavit does aver in detail, however, that the petitioner had knowledge of the order at the time it was made and at all times since, and the court found in accordance with this averment. It cannot, therefore, be successfully argued either that the original affidavit was insufficient to support the order to show cause or that the subsequent showing was insufficient to authorize the court to sentence the petitioner.

■ The last point made by petitioner is that the affidavit does not disclose whether a bond was given prior to the issuance of the restraining order. There can be no doubt upon the proposition of law advanced by counsel that in a proceeding to punish for a constructive contempt the affidavit must show on its face the facts which constitute the contempt and that no presumptions are to be indulged with respect to the jurisdiction of the court in the absence of an essential averment. ■ This is quite different, however, from saying that all of the steps leading up to the order which it is claimed has been violated must be set forth. It would undoubtedly be presumed in an attack upon the restraining order, in the absence of a showing to the contrary, that the judge had required the requisite bond prior to the issuance of the order. How, then, can it be said that in this proceeding a like indulgence should not be granted? The order presupposes the giving of a bond, and if none in fact was given it was incumbent on this petitioner to show that fact, as an excuse for his nonobservance.

Order affirmed.

Works, P. J., and Craig, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 17, 1929, on the ground that it was filed too late and that it was without merit, and petitioner's application to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 20, 1929.

All the Justices present concurred.