[Civ. No. 1518. Fourth Appellate District.—February 7, 1935.]

RICHARD J. COLLINS, Appellant, v. MAE A. SWORD, as Administratrix, etc., Respondent.

D. Joseph Coyne for Appellant.

David J. Keily and Smith & Breslin for Respondent.

MARKS, J.—Richard J. and Honora H. Collins were married on November 25, 1885. At that time Mr. Collins had separate property of the value of about $14,000 and Mrs. Collins had nothing. Mrs. Collins died intestate on May 5, 1929. During the period of coverture considerable property was acquired which consisted of real estate, notes, mortgages and money in bank. Titles to some of the real estate stood in their names jointly, some in the name of Mrs. Collins, and others in the name of Mr. Collins. Some notes and mortgages were payable to the one and some to the other. Each had separate bank accounts.

After the death of Mrs. Collins a petition for letters of administration was filed by Mr. Collins in which the real and personal property standing in her name was described and given a value of about $40,000. Before this petition was acted upon Mr. Collins nominated Mae A. Sword to act with him as administratrix of the estate and a petition for their appointments was filed. Mr. Collins signed both petitions. They were appointed and qualified as administrator and administratrix of the estate and jointly entered upon the discharge of their duties. Letters of administration were issued to them on June 11, 1929. They caused an inventory and appraisement of the property of the estate to be filed. The property here in question was specifically listed as belonging to the estate of Mrs. Collins and was given an appraised value of $73,538.10. Both Mr. Collins and Mae A. Sword executed the affidavit usually attached to inventories and appraisements. They gave notice to creditors, approved claims, petitioned for authority to lease real estate and sell real and personal property and paid the inheritance tax.

On November 7, 1930, Mr. Collins filed his verified petition for discharge as administrator and a "Declaration of

Disability'' in which he stated that he had exercised his right to declare the real and personal property of the estate, community property, and proposed to file an action to have the property of the estate declared to be his property because of its former community status. On December 3, 1930, it was ordered that the resignation be accepted *nunc pro tunc* as of June 23, 1930. This action was filed June 16, 1930.

The amended complaint particularly described various parcels of real property, notes, mortgages and bank accounts. Some stood in the name of Mrs. Collins, some in the name of Mr. Collins, and others in the names of both. It was alleged that all the property described was community property and plaintiff sought to have title to all of it vested in him.

After an extended trial the court found that all the property and money held by Mrs. Collins had been given to her out of the community and was her separate property, except part of the cash in the bank which was held to be community property. Plaintiff was given judgment for this money amounting to $4,569.08. It was also adjudged that he was the absolute owner of all of the community property standing in his name at the time of Mrs. Collins' death; that the property standing in her name, other than the $4,569.08, was her separate property and subject to administration in her estate. Plaintiff has appealed from that portion of the judgment favorable to the defendant.

■ Some of the real estate had been acquired by Mrs. Collins prior to the amendment of section 164 of the Civil Code in 1889, and some of the notes, mortgages and money prior to the effective date of the amendment of the same section in 1927. Thus the presumptions established by these amendments to the effect that property standing in the name of a wife is her separate property cannot be invoked by defendant as to each class of property acquired before the effective dates of these amendments. However, the trial court found that all the property in question here had been given to Mrs. Collins and was, therefore, her separate property without regard to the dates on which any of it was acquired. The sole question before us is whether this finding is supported by the evidence.

██ Since 1872 it has been the rule in this state that property given to a spouse is the separate property of such person. (Sec. 162, Civ. Code.) For the same length of time it has also been the rule that a husband and wife may enter into contracts with each other and may change community property into the separate property of either. (Sec. 158, Civ. Code; 5 Cal. Jur. 346, sec. 29, and cases cited.)

██ Plaintiff's attack on the questioned finding finds its sole support in the rebuttable presumptions that real property acquired by a married woman prior to March 19, 1889, and personal property acquired by her prior to July 29, 1927, were community property, and in his testimony that all of the property described in the amended complaint was community and that there had been no gift of any part of it to Mrs. Collins. However, when his testimony is studied as a whole an entirely different picture is presented. Shortly after the marriage he purchased a lot in Los Angeles, erected a building upon it and had the title placed in Mrs. Collins. He testified that this was a gift to her and was her separate property as he wanted her to own separate property of equal value to the separate property owned by him at the time of marriage. During their long married life they acquired property of considerable value. It seemed to be the desire of each that they each own property of approximately the same total value. Shortly before the death of Mrs. Collins they discussed the values of their several properties and reached the conclusion that the total value of Mrs. Collins' properties was greater than that of those owned by Mr. Collins. He was satisfied with this condition as they had no children and he was of the opinion that she should have the greater amount of property as she had the more relatives who were the deserving objects of her bounty, and that they could dispose of their properties by wills. Mrs. Collins consulted attorneys about the preparation of a will, but died before it was executed. She desired to leave Mr. Collins a life estate in the family home with the fee to some of her relatives. Mr. Collins approved of this disposition of this property and made no objection to other bequests she desired to make to other relatives. It was the very apparent idea of both that each was the owner of the property standing in his or her name with the free right of control and disposition without the consent of the other.

The testimony of several witnesses produced by the defendant supports the finding of the trial court that the property in controversy here was the separate property of Mrs. Collins. The actions of Mr. Collins after the death of his wife and up to the time he started this action also support the finding.

The record merely presents a conflict in the evidence on the question we are considering with a preponderance supporting the questioned finding. The conflict was resolved in favor of defendant by the trial court and its finding is conclusive here.

■ Plaintiff complains because the trial court included in the findings and judgment one parcel of real estate not described in the amended complaint and determined that it was the separate property of Mrs. Collins. This is the parcel to which we have already referred as having been given to Mrs. Collins shortly after marriage so that she would have separate property equal in value to that of her husband. Mr. Collins testified that he claimed no interest in this property and that it was the separate property of Mrs. Collins. As he had no interest in this property and as it was the separate property of Mrs. Collins he was not prejudiced by this portion of the judgment. Even though it be admittedly erroneous it furnishes no ground for a reversal nor necessity for modification of the judgment.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.