[Civ. No. 12862.    Second Appellate District, Division Two.—March 20, 1941.]

JOHN HUTCHINSON, Appellant, v. CALIFORNIA TRUST COMPANY (a Corporation), as Administrator With the Will Annexed, etc., Respondent.

Edgar K. Brown and Leo B. George for Appellant.

Clark & Morgan and V. A. Morgan for Respondent.

WOOD, J.—Plaintiff commenced this action to recover from defendant a sum of money claimed to be the community property of the plaintiff and his deceased wife. He prosecutes this appeal from a judgment in favor of defendant.

Plaintiff's wife, Victoria Hutchinson, died on February 11, 1934. She left a will in which she gave to plaintiff all of her estate with the exception of $20. Peter Hutchinson, a son of decedent, contested plaintiff's petition for probate of the will and for letters testamentary. A written agreement was made by plaintiff, Peter Hutchinson and another son, Tony Hutchinson, in which it was provided that after payment of certain administration expenses the net proceeds of the estate should be divided equally between Peter and Tony. Following the making of this agreement the will was admitted to probate and letters testamentary were granted to plaintiff. The inventory and appraisement showed the only asset of the estate to be a parcel of real property of the value of $1250. For a long period plaintiff took no steps in the administration of the estate and in 1938 he was removed as executor and William J. Clark was appointed special administrator. Thereafter Clark discovered an account in the head office of the California Bank in the sum of $17,289.62 in the name of decedent alone. He filed a supplemental inventory

showing this sum as an asset of the estate. The special administrator was discharged and the California Trust Company, defendant herein, was appointed administrator with the will annexed. Defendant filed its final account showing the sum of $13,873.84 on hand for distribution, with a petition that this sum be distributed in accordance with the terms of the written agreement of plaintiff and Peter and Tony Hutchinson. To this petition plaintiff filed objections, claiming that the sum held by defendant was not the separate property of decedent but at the time of decedent's death was community property. The probate court refused to try the issues presented on the ground that it was without jurisdiction to try title to the property. Plaintiff commenced the present action on December 9, 1939, to have the sum of $13,873.84, less the amount necessary to carry the will into effect, be declared community property and delivered to him as surviving spouse.

The trial court found that plaintiff "made a gift of all the said money and his property to his wife, Victoria Hutchinson, and that said money became the separate money of Victoria Hutchinson by said gift". Plaintiff contends that this finding is not supported by the evidence. It appears from the evidence that prior to October 27, 1930, plaintiff had in an account standing in his name alone in the Alhambra branch of the California Bank the sum of $14,488.11. On the date just mentioned decedent opened a savings account in the sum of $14,488.11 in the Alhambra branch of the California Bank in her name alone and the pass book was delivered to her. This sum had been withdrawn by plaintiff from his account and was placed in decedent's name with his knowledge and consent. From time to time additional sums were deposited in decedent's account and on July 1, 1932, decedent withdrew $15,727.98 with the knowledge of plaintiff. On February 10, 1933, this sum was deposited by decedent in her name alone in an account in the head office of the California Bank. At the time this account was discovered by the special administrator and claimed for the estate it amounted to $17,289.62. It is conceded that all of the money which plaintiff had in his own account in the Alhambra branch of the California Bank was community property prior to the opening of the account by decedent in the branch bank.

Plaintiff is a foreigner with a limited knowledge of the English language. Concerning the placing of the money in his wife's name in the branch bank he testified: ''I am afraid they might have me on a trip on the road and kill me and I want her to get some of that money . . . She goes with me to the bank to transfer and let her save it for me. . . . I said [to my wife] you save it; sometimes I get killed when I was in the country with the truck. I am afraid myself I might get killed. . . . I didn't give it to her, just to save it for me.'' Plaintiff further testified that he knew that decedent had withdrawn the money from the Alhambra branch of the bank and that she had told him that she had done so because she was afraid of the bank. Several months later, according to plaintiff's testimony, decedent informed him that all the money had been lost or stolen. Plaintiff denied any knowledge of the existence of the account in the head office of the California Bank until after its discovery in June, 1939, by the special administrator and also denied ever having been in the head office of the California Bank.

It was proved on behalf of defendant that the two sons, Peter and Tony, had filed an action against plaintiff and decedent during the lifetime of decedent for the purpose of dissolving a partnership in a grocery business and had obtained a judgment against their parents in the sum of $4,029.48. In that case plaintiff was brought before the court for examination as a judgment debtor on October 20, 1932, on January 19, 1933, and on September 26, 1933. On each of these three occasions plaintiff stated under oath that he had no interest in any property and that he had given all of his property to his wife. Plaintiff's testimony that he had no knowledge of the bank account at the head office of the California Bank until 1939 and that he had never been in that bank was directly contradicted by an officer of the bank, who testified that in February, 1934, plaintiff and his son came to his desk and informed him that plaintiff's wife was dead; that plaintiff at that time presented the pass book for the account in decedent's name and demanded the money on deposit but was told that it would be necessary to probate the estate first. Subsequently in 1934 and 1936 the pass book was presented to the bank for the purpose of having the interest posted.

■ In determining whether there is substantial evidence to support the finding under attack the reviewing court must resolve all conflicts in the evidence in favor of defendant, the prevailing party in the trial court, and must indulge all reasonable inferences in support of the finding. (*Raggio* v. *Mallory,* 10 Cal. (2d) 723 [76 Pac. (2d) 660].) ■ Considered in the light of this rule the evidence is sufficient to support the finding of a gift of the money to decedent. By placing the money in her account plaintiff gave his wife absolute dominion and control over it. He made no effort to retain any control over the money although it would have been a simple matter to do so. He knew of the existence of the later account in the head office of the bank but did not assert any rights of ownership over it and made no claim to it for over five years after his wife's death. The inference is entirely reasonable that plaintiff's conduct is inconsistent with his claim of ownership. On three separate occasions he declared under oath that he had given all of his property to his wife. ■ The intention of a husband to make a gift to his wife may be proved by evidence of his declarations to that effect, whether made before or after the actual transaction. (*Ruiz* v. *Dow,* 113 Cal. 490 [45 Pac. 867].)

■ The gift of the money by plaintiff to decedent had the effect of converting it from community property into the separate property of decedent. (*Collins* v. *Sword,* 4 Cal. App. (2d) 437 [41 Pac. (2d) 170].) ■ Plaintiff's rights in decedent's estate, if any, must be asserted as an heir or as a legatee under the will, and not in the present action. The probate court has jurisdiction to determine the rights of the plaintiff and his two sons in the estate. (*Estate of Dobbins,* 36 Cal. App. (2d) 536 [97 Pac. (2d) 1051].) ■ An additional reason for holding that the court erred in ordering that the entire estate be distributed equally to Peter and Tony Hutchinson in accordance with the agreement with their father may be found in the fact that Peter and Tony Hutchinson are not parties to the present action, which was commenced for the purpose of determining ownership of the bank account as between plaintiff and defendant administrator. A judgment may not be rendered either against or in favor of one who is not a party to the action. (*Overell* v. *Overell,* 18 Cal. App. (2d) 499 [64 Pac. (2d) 483]; *Samter*

v. *Klopstock Realty Co.*, 31 Cal. App. (2d) 532 [88 Pac. (2d) 250].)

The remaining points raised by plaintiff are based upon the contention that the court erred in finding that a gift of the money had been made by plaintiff to decedent. Our conclusion that the finding is supported by the evidence makes it unnecessary to discuss them.

It is therefore ordered that the findings, conclusions and judgment be modified in the following particulars: By striking from paragraph II of the findings the words "and that after the administration expenses had been deducted, that the net proceeds would be divided equally between Peter Hutchinson and Tony Hutchinson"; by striking from paragraph IX of the findings the words "and for the purpose of carrying out the agreement of the plaintiff, Peter Hutchinson and Tony Hutchinson filed in the probate proceeding at the time the will was admitted to probate"; by striking from the conclusion of law the words "and that the distribution of the estate should be in accordance with the stipulation of the parties filed at the time the will was admitted to probate"; and by striking from the judgment the words "It is further ordered, adjudged and decreed that the estate is to be distributed to Peter Hutchinson and Tony Hutchinson in equal shares after deducting the expenses of administration". As so modified the judgment is affirmed, defendant to recover costs on appeal.

Moore, P. J., and McComb, J., concurred.