[Civ. No. 16386.   Second Dist., Div. One.   Mar. 4, 1949.]

GEORGE J. STEWART, Respondent, v. GEORGE WM. KAPLAN et al., Appellants.

B. Warren Vinetz for Appellants.

Oliver & Corfman for Respondent.

DORAN, Acting P. J.—The complaint herein alleges that during the month of December, 1945, a contract was entered into whereby the defendant builders agreed to construct for plaintiff a unit of store buildings and living quarters on a lot owned by plaintiff in Sherman Oaks, at an agreed price of $23,690.  It was further alleged that in January, 1946, plain-

tiff approved completed plans for such building, and made a deposit (of $100) on the contract; that the parties discussed current rumors to the effect that the federal government planned to prohibit commercial construction, and that it was agreed that immediate application for a building permit should be made by defendants in order to forestall the rumored "freeze" by the federal government on this type of building. The complaint then avers that defendants failed to apply for a building permit until March 15, 1946; that on March 28, 1946, the federal government forbade further issuance of permits for commercial building; that by reason of defendants' failure to make timely application for the permit, the same was not issued prior to the governmental prohibition, for which reason the building was never constructed and plaintiff was thereby deprived of the rental value thereof in the sum of $1,000 per month. The complaint was in two counts; the first alleging that the delay was "willfully and knowingly" effected, and the second count alleging that plaintiff's damage resulted from the fact that the defendants "negligently and carelessly failed and omitted to apply for a building permit, in accordance with their promises and agreements."

The answer denied the making of any completed contract to construct the building for plaintiff and alleged that the latter's payment of $100 was not a deposit on said contract but merely part payment for the cost of plans and drawings of a proposed building. Later on, plaintiff paid a further sum of $200 towards the costs of such plans. Defendants also denied any agreement to immediately apply for a building permit, denied any negligence, and by way of cross-complaint sought judgment in the amount of $390, balance due for preparation of the building plans. The trial court rendered judgment in favor of plaintiff in the sum of $4,000, and upon defendants' cross-complaint in the sum of $390. Defendants have now appealed from the judgment in plaintiff's favor.

The trial court found that the contract alleged had been duly entered into and that the plans therefor had been prepared and approved; that the rumor in reference to governmental "freezing" of commercial building was known to both parties, and that defendants agreed "to file said plans with the City of Los Angeles and apply for said building permit as quickly as possible in order that said permit would be obtained and the construction . . . started before the United States Government enacted measures curtailing construction of business buildings." The court further found that the

defendants "negligently failed to exercise reasonable diligence in filing said plans . . . and in applying for a building permit," and that plaintiff suffered damage therefrom.

Grounds for reversal urged by defendants are that "The trial court erred in finding that the defendants entered into a contract with plaintiff to construct a building," and that the alleged contract was not definite and certain in that terms of payment, and certain building details were not agreed upon; that there was no consideration for the alleged contract since the payment of $100 was merely to apply on the cost of preparing plans and was not a deposit on the building contract. Appellants' brief also sets up that performance was excused by reason of respondent's act in withdrawing the plans from the city building department in April, 1946, after the federal government had forbidden further issuance of commercial building permits; and that performance was prevented or delayed by operation of law. The trial court is also alleged to have erred in finding that the defendants were guilty of negligence. Appellants' argument, variously expressed, is that the findings and judgment are not supported by the evidence.

■ The record discloses evidence to the effect that on December 7, 1945, plaintiff advised the defendant George Wm. Kaplan of a desire to build a store building unit with a frontage of 90 feet and a depth of 50 feet, patterned after another building which defendant was then constructing except that plaintiff's building was to have a second story apartment; that defendant drew a sketch pursuant to plaintiff's specifications and quoted plaintiff a price of $23,000, which was acceptable to the plaintiff. The method of paying such amount was not specified although plaintiff had funds available and was ready to make necessary payments as the work progressed. Defendant informed plaintiff that the cost of the plans would be 3 per cent or $690; plaintiff, at defendant's request, paid $100 and somewhat later another payment of $200.

Plaintiff testified that after submitting defendant's rough sketch to a cousin in Palo Alto, certain minor changes were decided upon; that on December 27, 1945, the parties agreed to an increase of $700 for such changes and defendant promised to proceed immediately with the drawing of the complete plans. There was evidence that on January 24, 1946, defendant telephoned that the plans were ready and plaintiff approved the same the next day. Plaintiff and defendant discussed the rumor that commercial construction might be halted

soon by government action and the defendant stated that the plans would be filed immediately and that a permit by the city authorities should be obtained in about three or four weeks.

About February 15, 1946, plaintiff inquired at defendant's office whether the permit had been received and was advised that it had not been received but that it "ought to be along very soon." A few days later plaintiff inquired at the city engineering office and discovered that there was no record of the plans having been filed. Thereafter Kaplan informed plaintiff that there had been "a terrible mistake. I instructed one of my employees to take those plans in and he failed to do so." The permit was finally applied for on March 5, 1946, but was not issued prior to the act of the federal government, on March 26, halting commercial construction.

There was also evidence that although other builders were taking out "foundation permits" which could be obtained in one day's time, allowing work to be started before the impending "freeze," which did not halt construction where the foundation was already in, Kaplan took no such step in respect to plaintiff's building although the type of foundation required was known. However, defendant did apply for a foundation permit for another client on March 22, 1946, and received such permit the same day, a period of four days before the government freeze.

The appellants' brief contains a résumé of various items of evidence taken from Kaplan's testimony, the cross-examination of Stewart, and other sources, which evidence, appellants insist, is contrary to the trial court's findings and judgment. It is true that the record contains conflicting evidence in respect to various phases of the controversy, and that the testimony of the parties is diametrically opposed in reference to many matters. It cannot be doubted, however, that there is substantial evidence in the record to sustain the decision reached.

As pointed out in respondent's brief, it is not within the province of the appellate court to weigh conflicting evidence nor to determine the credibility of witnesses; in respect to such matters the law has committed the responsibility to the trial courts. When the reviewing court is satisfied that substantial evidence exists in support of the findings, the evidence will not be further examined in an attempt to determine where the preponderance lies. See *Albaugh* v. *Mt. Shasta Power Corp.*, 9 Cal.2d 751, 768 [73 P.2d 217]. Moreover, as said in *Hutchinson* v. *California Trust Co.*, 43 Cal.App.2d 571,

575 [111 P.2d 401], "In determining whether there is substantial evidence to support the finding under attack the reviewing court must resolve all conflicts in the evidence in favor of . . . the prevailing party in the trial court, and must indulge all reasonable inferences in support of the finding." In view of these rules, too well established to require discussion, there can be no appellate interference herein.

The judgment is affirmed.

White, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied April 28, 1949.