Ex Parte L. T. Wisdom.

No. 39650 April 18, 1955 79 So. 2d 523

*R. C. Russell, B. C. Little,* Magee, for appellant.

*Wm. E. Cresswell,* Asst. Atty. Gen., Jackson, for appellee.

KYLE, J.

The appellant was adjudged guilty of contempt of court by a decree of the Chancery Court of the First Judicial District of Hinds County and was fined and sentenced to imprisonment in the county jail; and from that decree he prosecutes this appeal.

The action of the court was taken at the July 1954 term of the court upon its own motion at the conclusion of the trial of the case of L. T. Wisdom et ux. v. Mrs. Annie E. Stegall. The order adjudging the appellant to be guilty of contempt recites that, when the chancellor had announced his decision in the above styled case and had retired into his chambers, the appellant used highly disrespectful and contemptuous language concerning the court in the courtroom and in the presence of the officers of the court. The language alleged to have been used is set out pro haec verbae in the order.

The record shows that the appellant was brought before the court and that the court took the testimony of the deputy sheriff, Bob Jones, who testified that he had heard the remarks made by the appellant concerning the presiding judge while the judge was in his chambers, as set forth in the order of the court; and that the appellant was then called as a witness, and, after being duly sworn, was asked whether he had anything to say for himself for using such language in the courtroom. The appellant denied that he had made the statements concerning the judge attributed to him by the deputy sheriff. The appellant stated that the deputy sheriff had misunderstood him. No other witnesses were called to testify. The court found that the appellant had used vulgar, profane and indecent language toward the court in the presence of officers of the court while in the courtroom, and that the appellant had deliberately lied when he denied from the witness stand that he had made the statement alleged to have been made by him. And the court adjudged the appellant to be guilty of direct contempt and sentenced the appellant to serve ten days in the county jail and pay a fine of $50.

The appellant's attorneys argue only one point as ground for reversal on this appeal, and that is, that the offense with which he was charged was not committed in the presence of the court and was therefore not a direct

contempt, but an indirect or constructive contempt, and that the chancellor exceeded his authority in undertaking to punish the appellant upon the testimony of the deputy sheriff without the filing of an information or other definite charge against the appellant and without giving the appellant notice of the charge and a reasonable opportunity to defend himself.

It is not claimed that the language which the appellant is alleged to have used was not vulgar, profane and disrespectful. The contention is that the appellant was afforded no opportunity to employ counsel and prepare for trial; that he was not permitted to cross examine the witness who testified against him; and that the summary manner in which the hearing was conducted constituted a denial of due process of law guaranteed to the appellant by Section 14 of the State Constitution and the Fourteenth Amendment to the Constitution of the United States.

The terms ''direct contempt'' and ''constructive contempt'' are defined in 12 Am. Jur., pp. 390, 391 and 392, as follows:

''A direct contempt consists of words spoken or acts committed in the presence of the court or during its intermissions which tend to subvert, embarrass, or prevent justice. * * * A direct contempt may be committed during an intermission in a trial. Thus, abusing and assaulting a judge during a recess of court after he has retired from the courtroom is direct contempt during the sitting of the court. That the defendant thought the term of court had ended—when it had not—is no defense. An indirect or constructive contempt is an act committed not in the presence of the court, but at a distance from it, and tends to degrade the court or obstruct, interrupt, prevent, or embarrass the administration of justice.'' 12 Am. Jur., pp. 390, 391, Contempt, Par. 4.

''In defining what is meant by 'the presence of the court,' as that term is used with reference to contempts,

it is said that 'the court' consists not of the judge, the courtroom, the jury, or the jury room individually, but of all of these combined. The court is present wherever any of its constituent parts is engaged in the prosecution of the business of the court according to law. * * *." 12 Am. Jur., 392, Contempt, par. 5.

We think that it is not necessary for us to undertake to determine in this case whether the offense of which the appellant was adjudged to be guilty was a direct contempt or a constructive contempt. The language which the appellant is alleged to have spoken concerning the presiding judge was both contemptuous and insulting, and if the language had been spoken within the actual presence and hearing of the court, it would have merited summary punishment which the court would have had a right to inflict without notice, rule to show cause, or other process.

"Any act or conduct which shows disrespect for the dignity or authority of the court, or which obstructs or tends to obstruct, interrupt, prevent, or embarrass the administration of justice, constitutes contempt of a criminal nature, and, when such act or conduct is committed in the presence of the court, or so near thereto as to interrupt its proceedings, it is a direct contempt, provided, also, it occurs while the court or the judge is engaged in the discharge of a judicial duty. So disorderly conduct in the presence of the court is contempt, such as being armed with a deadly weapon, or using threatening or insulting language to the court, the court's officers, the witnesses, or the opposing counsel." 17 C. J. S., 34, Contempt, par. 25a.

The fact that the language alleged to have been spoken by the appellant concerning the presiding judge in this case was spoken during a lull in the court proceedings and while the judge was in his chambers did not, in our opinion, make the language any the less contemptuous. But that fact did affect materially the mode of procedure

which should have been adopted when the informing officer brought the matter to the attention of the court.

■■ The important fact that we have to consider here is, that the court could not proceed upon its own knowledge of the facts, and punish the offender, without further proof, and without issue or trial in any form. There had to be a hearing, and the court had to rely upon the testimony of witnesses. And where witnesses are necessary to prove the acts of contempt, although the contempt may have been committed technically ''in the presence of the court,'' but not within the sight or hearing of the presiding judge, we think that notice should be given to the accused, and a reasonable opportunity afforded to him to prepare his defense. This does not mean that in every case formal charges must be preferred or that the court cannot take prompt action for the punishment of the offender. But it does mean that the respondent should be given reasonable notice of the charges, by attachment, citation, or otherwise, so that he may know the nature and the cause of the accusation against him, and that he may have a reasonable opportunity to be heard. Grace v. State, 108 Miss. 767, 67 So. 212; Ex Parte Redmond, 159 Miss. 449, 132 So. 328. He should have the right and the opportunity to obtain the advice and assistance of counsel, if he desires to do so, the right to call witnesses, and the right to make a record on which an order may be reviewed on appeal.

The rule thus stated finds ample support in the reported cases that we have examined from other jurisdictions, where the courts have had to consider the question that we have had to consider on this appeal. See Savin, Petitioner, 131 U. S. 267, 9 S. Ct. 699, 33 L. Ed. 150; McCarthy v. Hugo, 82 Conn. 262, 73 A. 778, 135 Am. St. Rep. 270, 17 Ann. Cas. 219; People v. Wilson, 64 Ill. 195, 16 Am. Rep. 528; Ex Parte Wright, 65 Ind. 504.

In the case of Savin, Petitioner, supra, the appellant had been adjudged guilty of contempt of the United

States District Court on a charge that he had attempted to deter a witness in attendance upon the court, while he was in the witness room, from testifying for the party in whose behalf he had been summoned, and that he had offered the witness, when in the hallway of the court, money not to testify against the defendant.

In discussing the power of the court to punish for contempt for misbehavior in the presence of the court or misbehavior so near thereto as to obstruct the administration of justice, and the mode of proceeding in such cases, the Court in its opinion in that case said:

"Bacon, in his essay on Judicature, (No. LVI) says: 'The place of justice is an hallowed place; and therefore not only the bench, but the footpace and precincts and purprise thereof ought to be preserved against scandal and corruption.' We are of opinion that, within the meaning of the statute, the court, at least when in session, is present in every part of the place set apart for its own use, and for the use of its officers, jurors and witnesses; and misbehavior anywhere in such place is misbehavior in the presence of the court. It is true that the mode of proceeding for contempt is not the same in every case of such misbehavior. Where the contempt is committed directly under the eye or within the view of the court, it may proceed 'upon its own knowledge of the facts, and punish the offender, without further proof, and without issue or trial in any form', Ex Parte Terry, 128 U. S. 289, 309; whereas, in cases of misbehavior of which the judge cannot have such personal knowledge, and is informed thereof only by the confession of the party, or by the testimony under oath of others, the proper practice is, by rule or other process, to require the offender to appear and show cause why he should not be punished. 4 Bl. Com. 286. But this difference in procedure does not affect the question as to whether particular acts do not, within the meaning of the statute, constitute misbehavior in the presence of the court."

██ █ The vulgar, profane and indecent language alleged to have been uttered by the appellant concerning the presiding judge in the case that we have here was spoken while the judge was in his retiring room during a lull in the court's proceedings. The words were not spoken in the presence of the presiding judge or within his hearing, and the judge had no personal knowledge of the misbehavior, but had to be informed of the misbehavior by the testimony of others. Under these circumstances the appellant was entitled to notice of the charge and a reasonable opportunity to make his defense. He was entitled to have a reasonable opportunity to employ counsel and to have witnesses subpoenaed, if he desired to do so. We think that the notice given to him and the opportunity to make a defense to the charge were insufficient.

The judgment of the lower court is therefore reversed and the cause is remanded.

Reversed and remanded.

*Roberds, P. J.,* and *Hall, Holmes* and *Gillespie, JJ.,* concur.