[Crim. No. 6007.   In Bank.   Mar. 21, 1957.]

In re THOMAS FRANCIS WREN III, a Minor, on Habeas Corpus.

Paul D. Morse for Petitioner.

J. F. Coakley, District Attorney (Alameda), John C. Baldwin, Deputy District Attorney, Fitzgerald, Abbott & Beardsley and Stacy H. Dobrzensky for Respondents.

SPENCE, J.—This is the second habeas corpus proceeding instituted in this state involving the respective claims of Thelma B. Wren, the mother, and Thomas Francis Wren II, the father, to the custody of their son Thomas Francis Wren III. The boy is their only child, and he is now five years of age.

The first proceeding in this state was instituted by the father in the Superior Court of Alameda County. The present proceeding was instituted by the mother in this court after the superior court had expressly made its orders subject to such disposition as might be made by a higher court. In the meantime the boy has been ordered by the superior court into the custody of the sheriff of Alameda County.

Prior to the commencement of the California proceedings the mother had moved to California with the boy and had become a resident of this state. The father is a career member

of the United States Air Force and is presently stationed at Eglin Field, Florida. The family formerly resided in Mississippi, and the child's paternal grandparents continue to reside in that state. The mother and father were divorced in Mississippi in 1953.

The mother contends that the merits of her custody claim should be adjudicated in this state as *parens patriae* on the basis of the best interests of the child as determined by a court of this state. (*Titcomb* v. *Superior Court,* 220 Cal. 34, 39 [29 P.2d 206]; also *Sampsell* v. *Superior Court,* 32 Cal. 2d 763, 780 [197 P.2d 739].) We have concluded upon the record before us that this contention should be sustained. We have further concluded that such determination should be made in the proceeding in the superior court and that, pending such determination, the child should be remanded to the temporary custody of the mother.

An understanding of the proceedings in the courts of this state requires a statement of the background of this litigation. The 1953 Mississippi divorce decree provided for divided custody of the child—the mother having custody for nine consecutive months and the father for three consecutive months of each year—with visiting privileges for either party during the other parent's custody. The decree contained no restrictions as to where the child should be kept while in the custody of either parent. The father was ordered to pay thirty dollars per month for support of the child during the nine months' custody with the mother.

Following the 1953 divorce decree, the mother, having no financial means for her own support and receiving no support money for the child from the father, placed the child with his paternal grandparents in Mississippi until such time as she could provide for the child. The father, being in military service, was and is without an established home of his own for the care of the child. In the spring of 1956, the mother became so situated that she could provide for the child. She sought to obtain him from the grandparents but they refused to relinquish him to her. The mother then instituted a habeas corpus proceeding in Mississippi against the grandparents. The father was not a party to that proceeding. After a hearing, the Mississippi court by decree of July 12, 1956, purported to award the custody of the child as follows: to the father until July 20, 1956, then to the mother from July 20, 1956, to September 1, 1956, and if by the latter date a final

decree should not be entered, then the court reserved the right to enter such supplemental custody award as it might deem proper.

On August 31, 1956, the mother brought the child to California, settling in Alameda County. On September 28, 1956, the Mississippi court made its decree in the pending habeas corpus proceeding. Following a statement of the previously made custody provisions, the decree recited that the court had orally charged the mother to return the child to the father or paternal grandmother by September 1, 1956, until further order; that on the last-mentioned date it had not rendered a further decree because of the mother's "contemptuous action" and its inability to discover the child's whereabouts; and that having since been advised that the child was in California, it awarded "permanent custody" to the father, with the right to leave the child with the paternal grandparents when the father should be absent on military service.

On October 3, 1956, the father filed proceeding numbered 27654 in the Superior Court of Alameda County. That proceeding was based upon the theory that the father's right to custody had been validly determined by the decree in the Mississippi habeas corpus proceeding dated September 28, 1956. Upon filing his petition, the father sought and obtained a warrant for the detention of the child under the provisions of section 1497 of the Penal Code. Since that time the child has been in the custody of the sheriff except for certain times, including the Christmas holidays, when the child has been released by order of the superior court to the temporary custody of the mother upon filing a bond. The superior court apparently concluded that the Mississippi habeas corpus decree was valid and controlling. It therefore took no evidence and made no findings concerning the fitness of the parents or the best interest of the child. Its final order in favor of the father was entered after the filing of the present proceeding and was expressly made subject to any order of this court pertaining to the custody of the child.

There is no question concerning the validity of the 1953 Mississippi divorce decree and its right to full faith and credit in this state as an adjudication of all matters therein settled at that time. (*Foster* v. *Foster*, 8 Cal.2d 719, .728 [68 P.2d 719]; 27 C.J.S., Divorce, § 316, p. 1183; 16 Cal. Jur.2d, Divorce and Separation, § 312, p. 613.) As above recited, that decree provided for divided custody of the

child and contained no restrictions as to the child's removal from the state.

The mother maintains that the 1956 Mississippi habeas corpus decree was void because that court had no jurisdiction (1) to modify the provisions of the earlier Mississippi divorce decree, (2) to enter any decree in favor of the father, who was not a party to that proceeding, or (3) to find her guilty of contempt since she did not violate any "lawful" order and had no notice of any contempt hearing. Her position appears to be well taken.

■ First, it is settled under Mississippi law that habeas corpus may not be used "as a device to amend" an existing Mississippi divorce decree. (*Hinman* v. *Craft,* 204 Miss. 568 [37 S.2d 770], and cases cited.) The decision in the Hinman case was reached with full recognition of the rule in Mississippi that the courts of that state under certain circumstances may modify on habeas corpus a prior divorce decree of a sister state upon a showing of changed circumstances. (*Haynie* v. *Hudgins,* 122 Miss. 838 [85 So. 99]; see also *Bassett* v. *Sims,* 220 Miss. 210 [70 So.2d 530].) This rule empowering such modification under such circumstances is in accord with the law of this state. (*Sampsell* v. *Superior Court, supra,* 32 Cal.2d 763, 780.)

■ Second, the Mississippi court purported to award permanent custody of the child to the father, although he was not a party to the proceeding. The sole issue in the Mississippi habeas corpus proceeding was the right to custody as between the parties to that proceeding, who were the mother and the paternal grandparents. ■ It is the general rule that a judgment may not be entered either for or against a person who is not a party to the proceeding, and any judgment which does so is void to that extent. (*Hutchinson* v. *California Trust Co.,* 43 Cal.App.2d 571, 575-576 [111 P.2d 401]; *Samter* v. *Klopstock Realty Co.,* 31 Cal.App.2d 532, 535 [88 P.2d 250]; 49 C.J.S., Judgments, § 28, p. 68; see also *McCormick* v. *McKinnon,* 219 Miss. 184 [68 So.2d 301, 305].) ■ Similarly, any judgment that goes beyond the issues litigated is void insofar as it exceeds those issues. (*Road Material & Equipment Co.* v. *McGowan,* —— Miss. —— [91 So.2d 554, 557]; *McHenry* v. *State,* 91 Miss. 562 [44 So. 831, 833, 16 L.R.A.N.S. 1062].)

■ Third, it is uniformly held that a constructive contempt can only be predicated on disobedience of a "lawful" order of a court. (17 C.J.S., Contempt, § 12, p. 13; Code

164

Civ. Proc., § 1209, subd. 5.) ■ As has been indicated, any order of the Mississippi court in the habeas corpus proceeding purporting to deprive the mother of the custody rights awarded to her by the prior Mississippi divorce decree was void and therefore not a "lawful" order. ■ Furthermore, the purported finding of constructive contempt was void, as it failed to recite any facts relative to notice or hearing preliminary to the finding of contempt. (*Ex parte Wisdom,* ·223 Miss. 865 [79 So.2d 523, 525-526].) ■ Since the charge of contempt is essentially criminal in nature, due process requires notice and an opportunity to prepare a defense before an adjudication of constructive contempt can be made. (*Cooke* v. *United States,* 267 U.S. 517, 536-537 [45 S.Ct. 390, 69 L.Ed. 767] ; *Ingold* v. *Municipal Court,* 85 Cal. App.2d 651, 653 [193 P.2d 808] ; 12 Cal.Jur.2d, Contempt, § 68, pp. 89-90.)

There is nothing in *Moniz* v. *Moniz,* 142 Cal.App.2d 527 [298 P.2d 710], which on the principle of comity would indicate that because petitioner came to California with the child and allegedly thereby committed a "contemptuous" act, she cannot under the circumstances presented here ask a California court to make an order contrary to the decree in the Mississippi habeas corpus proceeding. In the Moniz case the mother sought to invoke in California the aid of a New Mexico decree purporting to modify the custody provisions of a California decree, which last-mentioned decree had been violated by the mother when she took the children to New Mexico and established residence there. The doctrine of comity was held not to apply for these reasons: (1) the mother was acting in open defiance of a valid California decree at the time the New Mexico decree was obtained; and (2) it would be incongruous to recognize the New Mexico decree, for then the California court would be yielding to a foreign decree in disregard of its own valid order. ■ But here the Mississippi divorce decree contained no provisions restricting the removal of the child from the state. It was subject to modification in Mississippi only by direct application in that cause and not by the device of a later habeas corpus proceeding. (*Hinman* v. *Craft, supra,* 204 Miss. 568 [37 So.2d 770].) Thus the mother's act in bringing the child to California did not involve a violation of any "lawful" order of the Mississippi court or any other court. ·

■ In view of our conclusion that the Mississippi habeas corpus decree was invalid and that the courts of this state

can and should determine the question of whether there are any changed circumstances which would warrant a modification of the custody provisions of the 1953 Mississippi divorce decree (*Foster* v. *Foster, supra,* 8 Cal.2d 719, 727), the question arises as to whether this court or the superior court should make such determination. The parties have submitted themselves to the jurisdiction of both the superior court and this court, but no testimony has been taken in either court on the main factual issues which should be resolved. It is our conclusion that the required determination can be more appropriately made by the superior court in the proceeding there pending. That court is the logical forum for the presentation of evidence concerning any changed circumstances relating to the fitness of the parents or the best interests of the child. (*Sampsell* v. *Superior Court, supra,* 32 Cal.2d 763, 780-781.) In the meantime it appears that for the immediate best interests of the child, he should be in the temporary custody of one of his parents rather than in the custody of the sheriff. The mother was awarded the principal custody by the valid Mississippi divorce decree. She is residing in this state, and there is nothing in the record to indicate that she is not fit to have such temporary custody.

It is therefore ordered that Thomas Francis Wren III be remanded to the temporary custody of his mother, Thelma B. Wren, pending further determination by the Superior Court of the State of California in and for the County of Alameda concerning his custody in proceeding numbered 27654 in said court; that the Sheriff of Alameda County be directed to deliver said Thomas Francis Wren III into the custody of Thelma B. Wren upon her furnishing a bond in a reasonable amount to be fixed by said superior court; and that the said superior court be directed to take further proceedings in accordance with the views expressed in this opinion.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., and McComb, J., concurred.