[Civ. No. 25730.   Second Dist., Div. Three.   Oct. 10, 1961.]

WALTER LOUIS KRONEBERGER, JR., Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Kroneberger & Goetz for Petitioner.

Harold W. Kennedy, County Counsel, William E. Lamoreaux, Assistant County Counsel, and Donald K. Byrne, Deputy County Counsel, for Respondent.

SPARKS, J. pro tem.*—Petitioner, attorney at law, seeks to annul the order of the respondent court adjudging him guilty of contempt for refusing to answer certain questions asked him as a witness on an order to show cause. He contends that the judgment of contempt was erroneous and void upon three grounds: that the court was without jurisdiction to hear the order to show cause; that the court exceeded its jurisdiction by ordering petitioner to answer questions concerning privileged matters given to him in confidence by his client; and lastly, that petitioner was designated not as a contemner, but was used as a device " 'to see if we can get some California law on it,' i.e. 'it' being the attorney-client privilege question."

The background of facts, so far as we have been able to ascertain it from the record before us, shows that respondent court granted an interlocutory decree of divorce in the case of *Robert Eugene Harris* versus *Shirlee Mae Harris*. By the terms of this decree plaintiff-father was awarded certain visitation privileges with the minor son, Wyatt; that in April of 1960, defendant-mother left with her 4-year-old son for parts unknown. In October of 1960, a hearing in respondent

---

*Assigned by Chairman of Judicial Council.

court was had on an order to show cause wherein the custody of the said minor child was awarded to plaintiff. On June 21, 1961, a further hearing was had in an effort to locate the whereabouts of the child. At this hearing, the grandparents, Mr. and Mrs. Byron Reed, were examined as witnesses and testified in substance that they did not know of their daughter's whereabouts, but that they received letters through the mail from her continuously and had also written to her and sent money through the mail. The method of communication with their daughter consisted of sending letters in sealed but unaddressed envelopes to petitioner-attorney in Torrance, California, who in turn, through his secretary, would cause the inclosed envelopes to be addressed and forwarded to defendant. Thus defendant was enabled to communicate with her parents, and they were able to write to her without actually having knowledge of her address. Mrs. Reed testified that she had heard from her daughter in this manner once or twice a week.

The hearing presently before us and out of which the judgment of contempt arose, took place on July 25, 1961. The nature of the proceedings is described as ''Plaintiff's order to show cause re contempt.'' Plaintiff was present with his counsel. Defendant did not appear personally nor by counsel, and had not been served with the order to show cause. Petitioner Kroneberger was called as a witness for plaintiff and examined both by plaintiff's counsel and by the court. He testified that he had received letters from defendant but refused, on the ground of privilege, to reveal the contents, alleging an attorney-client relationship was established about July 20, 1960, at which time he received correspondence from defendant; that she had confided in him and sought legal advice; that he had communicated with her through the medium of the United States mail and had given her the requested advice. He refused to answer direct questions as to the whereabouts of the minor child although admitting that the information was available in his office, on the ground that his client had given him her address and that of the minor child in confidence. At the conclusion of the hearing respondent court found petitioner in contempt and sentenced him to five days in jail. A stay of execution was granted at petitioner's request and petition filed in this court for writ of certiorari.

Since the question of jurisdiction is always fundamental, and the validity of all subsequent proceedings is dependent

thereon, it will be considered first. ▮ Certiorari is the proper method of review of a contempt order or judgment rendered without or in excess of jurisdiction. (*Brunton* v. *Superior Court,* 20 Cal.2d 202 [124 P.2d 831]; *Phillips* v. *Superior Court,* 22 Cal.2d 256 [137 P.2d 838]; *Wilson* v. *Superior Court,* 31 Cal.2d 458 [189 P.2d 266].) Section 1211, Code of Civil Procedure, provides in part: ''When a contempt is committed in the immediate view and presence of the court, or of the judge at chambers, it may be punished summarily; for which an order must be made, reciting the facts as occurring in such immediate view and presence, adjudging that the person proceeded against is thereby guilty of a contempt, and that he be punished as therein prescribed.''

▮ The required order, constituting both the findings of fact and the judgment, must recite sufficient facts, with sufficient particularity to show that the contempt has been committed. (*Raiden* v. *Superior Court,* 34 Cal.2d 83 [206 P.2d 1081]; *Blake* v. *Municipal Court,* 144 Cal.App.2d 131 [300 P.2d 755]; *Bennett* v. *Superior Court,* 99 Cal.App.2d 585 [222 P.2d 276].) ▮ In contempt there is no presumption in favor of the regularity of the proceedings insofar as jurisdictional defects are concerned. (*Groves* v. *Superior Court,* 62 Cal.App.2d 559 [145 P.2d 355]; *Freeman* v. *Superior Court,* 44 Cal.2d 533 [282 P.2d 857].) If jurisdiction is not affirmatively shown, an appellate court cannot indulge a presumption in its favor. (*Gardner* v. *Superior Court,* 97 Cal.App. 713 [276 P. 363]; *Overend* v. *Superior Court,* 131 Cal. 280 [63 P. 372]; *In re Mackay,* 140 Cal.App. 400 [35 P.2d 385].)

Reviewing the order of respondent court in the light of these principles, it appears plainly that petitioner was neither a party nor an attorney of record for a party in the principal action. The hearing was on an order to show cause *in re* contempt for failure of defendant-wife to comply with the order of the court in the divorce action. Jurisdiction to hold the hearing is not shown affirmatively in the order, and it appears, without dispute, that neither defendant nor her attorney of record in the said action was ever served with notice of the hearing.

▮ It is established that an order to show cause must be served on an alleged contemner before the day on which it is made returnable. (*Brophy* v. *Industrial Acc. Com.,* 46 Cal. App.2d 278 [115 P.2d 835].) ▮ Section 1015, Code of

Civil Procedure, provides in part: "When a plaintiff or a defendant, who has appeared, resides out of the State, and has no attorney in the action or proceeding, the service may be made on the clerk or on the judge where there is no clerk, for him. But in all cases where a party has an attorney in the action or proceeding, the service of papers, when required, must be upon the attorney instead of the party, except service of subpenas, of writs, and other process issued in the suit, and of *papers to bring him into contempt.*" (Emphasis added.)

Section 1016, Code of Civil Procedure, provides: "The foregoing provisions of this chapter do not apply to the service of a summons or other process, or of any paper to bring a party into contempt." Notwithstanding the provisions of these sections, it has been held that where the alleged contemner is concealing himself to avoid service of an order to show cause, or remains without the state for that purpose, the court may direct that service be made upon his attorney of record. (*Foley* v. *Foley,* 120 Cal. 33 [52 P. 122, 65 Am.St. Rep. 147]; *Shibley* v. *Superior Court,* 202 Cal. 738 [262 P. 332]; *Smith* v. *Smith,* 120 Cal.App.2d 474 [261 P.2d 567].)

The requirements of notice and hearing are jurisdictional. (*In re Wren,* 48 Cal.2d 159 [308 P.2d 329]; Code Civ. Proc., § 1212.) In the instant proceeding, the order to show cause *in re* contempt, although arising out of a civil action and ancillary to it, was none the less of a criminal or quasi-criminal nature. (*Phillips* v. *Superior Court, supra,* 22 Cal.2d 256; *Warner* v. *Superior Court,* 126 Cal.App.2d 821 [273 P.2d 89].) Since the proceeding is punitive and separate from the cause out of which it arose, the prescribed procedural safeguards must be accorded the alleged contemner. (*Foust* v. *Foust,* 47 Cal.2d 121 [302 P.2d 11]; *Butler* v. *Superior Court,* 178 Cal.App.2d 763 [3 Cal.Rptr. 180]; *Killpatrick* v. *Superior Court,* 153 Cal.App.2d 146 [314 P.2d 164]; *Nieri* v. *Nieri,* 124 Cal.App.2d 292 [268 P.2d 547].)

In the case of *State Bar of California* v. *Superior Court,* 207 Cal. 323 [278 P. 432], our Supreme Court held it not to be contempt to refuse to be sworn and testify in a matter over which a court or other body did not have jurisdiction. To similar import see *Ex parte Zeehandelaar,* 71 Cal. 238 [12 P. 259]; *Rogers* v. *Superior Court,* 145 Cal. 88 [78 P. 344].

There being an absolute lack of service of process on the defendant-wife or upon her attorney of record in the matter now being reviewed, we must hold that respondent

court was without jurisdiction to conduct an ex parte hearing and examine witnesses on the issue of contempt. (*In re Wren, supra,* 48 Cal.2d 159.) The court having no jurisdiction to proceed with the hearing in the first instance, it must follow that its subsequent order adjudging petitioner in contempt was void. Having reached this conclusion, consideration of the other alleged errors becomes unnecessary.

The order of the respondent court adjudging the petitioner in contempt is annulled.

Shinn, P. J., and Ford, J., concurred.