Filed 4/9/15  Jancso v. Vinod CA5

NOT TO BE PUBLISHED IN THE OFFICAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JULIUS JANCSO et al., <br><br> Cross-complainants and Appellants, <br><br> v. <br><br> SAHNI VINOD et al., <br><br> Cross-defendants; <br><br> KENNETH M. BYRUM, <br><br> Respondent. | F068852 <br><br> (Super. Ct. No. S-1500-CV-255598) <br><br><br> **OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Eric J. Bradshaw, Judge.

Law Offices of Gabor Szabo, Gabor Szabo for Cross-complainants and Appellants.

No appearance for Cross-defendants.

Dowling Aaron Incorporated, Stephanie Hamilton Borchers for Respondent.

-ooOoo-

New Era Construction, a corporation, obtained title to a parcel of real property in Bakersfield.  A dispute developed between the two shareholders of the corporation, Vinod Sahni and Julius Jancso, over whether the property truly belonged to the

corporation or instead to Julius Jancso.[1]  In the ensuing lawsuit, the trial court appointed Kenneth M. Byrum, the respondent in this appeal, as a provisional director of the corporation; the parties were ordered to pay Byrum's fees.  Subsequently, the lawsuit was settled.  Jancso never paid his share of Byrum's fees.  Byrum sought and obtained a judgment from the trial court against Jancso and his wife, Susan Jancso, for the unpaid fees.

The Jancsos appeal from that judgment.  Byrum concedes that he is not a party to the lawsuit and that the court lacked jurisdiction to enter a judgment in his favor, so the judgment should be vacated.

We will order the trial court to vacate the judgment.  The Jancsos suggest that we also should find error in the underlying orders appointing and requiring payment to Byrum or should declare that the settlement agreement relieved them of any obligation to pay those fees.  The Jancsos invite us, however, to disregard these additional issues if we order the judgment vacated, and we accept the invitation.

### *FACTS AND PROCEDURAL HISTORY*

Plaintiff and cross-defendant Sahni filed the original complaint on June 1, 2005.  Ultimately, there were eight parties, including plaintiffs, defendants, cross-complainants, and cross-defendants (counting individuals named in different capacities only once and not including Byrum).  Appellants Julius and Susan Jancso were defendants and cross-complainants.  No version of the complaint is included in the appellate record, so we cannot describe the causes of action, which, in any event, are not germane to the issues on appeal.

The trial was bifurcated and the trial court, without a jury, heard specified issues on November 29 to December 3 and December 6 to December 7, 2010.  On

---

[1]The parties have cited nothing in the appellate record to support this recitation of facts.  It is contained only in appellants' brief, but there is no indication that it is in dispute.

2

December 30, 2010, the court issued a tentative decision, including the following findings: (1) New Era Construction, Inc., was an existing California corporation; (2) half the shares in the corporation were issued to Sahni and the other half to Julius Jancso; Sahni was the incorporator, president, CEO, and secretary; and Julius Jancso was chairman of the board; (3) Sahni and Julius Jancso were both authorized to speak and act on behalf of the corporation; and (4) since grounds for dissolution of the corporation existed, the affairs of the corporation would be wound up and the corporation dissolved. The tentative decision also stated that further trial of the case was stayed, and that a neutral provisional director would be appointed to assist in the winding up and dissolution pursuant to Corporations Code sections 308, 1802, and 1804. The provisional director's fees would be paid half by Sahni and half by Julius Jancso, subject to allocation as a cost of suit at the time of entry of a final judgment. The Jancsos filed an unsuccessful opposition to the tentative decision.

The court appointed Byrum as provisional director on February 1, 2011. It again stated that Byrum's fees would be divided equally between Sahni and Julius Jancso. Byrum's appointment and the order to split the fees were stated again in a written order filed on June 16, 2011.

The court conducted a hearing on July 13, 2012, during which objections to the provisional director's fees were considered. The court overruled the objections. It ordered Sahni to pay $5,265.29 and Julius Jancso to pay $9,265.30 forthwith.

The parties reached a settlement and reported it to the trial court on April 17, 2013. The court's minutes, as printed on the docket, state: "Court and counsel discuss Kenneth M. Byrum's fees. Parties and counsel reach agreement of totals owed by each party and payment method." (Capitalization omitted.) The same day, the court issued a written order directing Sahni to pay Byrum $6,465.29 and Julius Jancso to pay Byrum $10,465.30.

3

Neither the trial court docket nor anything else in the appellate record shows that the case was ever dismissed pursuant to the settlement. The Jancsos' brief says the complaint was dismissed on September 20, 2013, but the only action shown on the docket for that date reads "REQUEST FOR DISMISSAL (PARTIAL)," referring to a filing by counsel for Sahni. Requests for dismissal or partial dismissal were filed by other parties between August 2 and September 4, 2013. The record does not show what action, if any, the court took on these requests.

On December 10, 2013, the trial court entered a judgment in favor of Byrum. The judgment is for $10,465.30 against both of the Jancsos.

## DISCUSSION

### I. Trial court lacked jurisdiction to enter judgment in favor of Byrum

The Jancsos argue that the court lacked jurisdiction to enter the judgment in favor of Byrum because the action had been dismissed previously. Byrum agrees that the court lacked jurisdiction to enter judgment in his favor, but says this is so because he was not a party. The appellate record does not establish that the action was ever dismissed, but it is undisputed that Byrum was a nonparty.

"A judgment in favor of a person who is not a party to the action is obviously beyond the authority of the court" and is void. (2 Witkin, Cal. Procedure (5th ed. 2008) Jurisdiction, § 315, p. 927.) "It is the general rule that a judgment may not be entered either for or against a person who is not a party to the proceeding, and any judgment which does so is void to that extent." (*In re Wren* (1957) 48 Cal.2d 159, 163.)

For this reason, we will order the trial court to vacate its judgment of December 10, 2013, in favor of Byrum.

The Jancsos make a further argument that the judgment incorrectly names Susan as well as Julius Jancso; they say there should be no judgment against Susan because the underlying orders to pay Byrum were directed only against Sahni and Julius Jancso. In

4

addition, the Jancsos contend they were denied due process of law because the court did not give them an opportunity to challenge the amount of Byrum's fees before entering judgment. It is unnecessary to address these arguments, since the entire judgment is void for the reason stated above.

## II. Remaining issues

The Jancsos make several arguments in addition to the argument that the judgment of December 10, 2013, is void: The order to appoint Byrum in the first place was substantively and procedurally erroneous; the order to pay Byrum was improper because it made shareholders liable for a corporate debt; and the settlement agreement established that Byrum is not entitled to be paid by the Jancsos. The Jancsos state, however, that we need not "express any views about the merits" of any of these contentions if we hold that the judgment of December 10, 2013, is void. We will accept this concession and refrain from stating any views on these additional arguments.

## DISPOSITION

The judgment entered in favor of respondent Kenneth M. Byrum on December 10, 2013, is void. The trial court is directed to vacate that judgment. The parties are to bear their own costs on appeal.

_____

Smith, J.

WE CONCUR:


_____

Levy, Acting P.J.


_____

Peña, J.

5