[Civ. No. 27273. First Dist., Div. Four. Dec. 30, 1970.]

JOHN DAVIS YOUNG, Plaintiff and Appellant, v.
MARY KATHERINE YOUNG, Defendant and Respondent.

Counsel

C. Dan Lange for Plaintiff and Appellant.

Robertson, Alexander & Luther and William D. Esselstein for Defendant and Respondent.

## Opinion

**CHRISTIAN, J.**—John Young appeals from an order vacating a previous order which had reduced alimony payable to his former wife, respondent Mary Young. The question is whether the court had jurisdiction to make the prior order.

In 1955 appellant obtained an interlocutory decree of divorce from respondent on the ground of incurable insanity. In 1958, the decree was modified on motion of respondent, who apparently had been discharged after treatment in a state hospital; appellant was ordered to pay $75 per month alimony. Alimony was later increased to $125 per month.

Appellant made the monthly payments until August 1965, when respondent was again committed to a state hospital. In June 1966, when an alimony arrearage of $1,250 had accrued, appellant moved "to enter satisfaction of judgment and to modify alimony." Appellant sought to satisfy the amount already owing by paying $625 to the Department of Mental Hygiene and to reduce future alimony payments to $30 a month, payable to the department. In a supporting declaration, appellant stated that the department had agreed to accept $625 as satisfaction for all existing claims of the state for respondent's care and to accept $30 per month for the cost of future care. Notice of the motion was served on the Department of Mental Hygiene, but not on respondent or her attorney. On July 15, 1966, the motion was granted at a hearing at which neither the department nor respondent appeared. In November 1968, respondent, having learned of the July 1966 order, moved to set it aside on the ground that it was void for lack of jurisdiction over her. The motion was at first denied, but on renewal it was granted. The present appeal followed.

Under former Civil Code section 147 (now Civ. Code, § 4809), an order for support may not be modified after a final judgment of divorce, "unless any prior notice otherwise required to be given to a party to the action be served, in such manner as such notice is otherwise permitted by law to be served, upon the party himself. For such purpose service upon the attorney of record shall not be sufficient." Respondent was not served with notice of the motion to modify support payments; therefore the court

**4**

had no jurisdiction to modify payments. There was no appearance by respondent or her attorney so as to waive the notice requirement. (Cf. *Ruszovan* v. *Ruszovan* (1969) 268 Cal.App.2d 902, 906 [74 Cal.Rptr. 507].) ■ An order void for lack of jurisdiction may be vacated at any time by the trial court. (3 Witkin, Cal. Procedure (1954) Attack on Judgment in Trial Court, § 65, p. 2117.)

■ Appellant contends that when respondent was committed to a mental hospital, her support rights were assigned by operation of law to the Director of Mental Hygiene, and that service on respondent was therefore unnecessary. In effect, appellant argues that the department, which was served, stood in respondent's place and had authority to act on her behalf with respect to her support payments. At the time of the 1966 order, the department's authority to seek reimbursement for the care of a patient and to deal with the patient's property was governed by Welfare and Institutions Code sections 6650-6667. (See §§ 7275-7294, added by Stats. 1967, ch. 1667, § 40, p. 4156, operative July 1, 1969.) The department could obtain reimbursement for the cost of patient care from any person liable for the patient's support by bringing an action to enforce payment. If necessary, the department can apply for appointment as guardian of the patient's estate. (§§ 6658 [now § 7282], 6660 [now § 7284].) If the patient had no guardian and had money due or owing to him, not exceeding $3,000, the hospital superintendent could collect the money on behalf of the patient and deposit it in the patient's personal deposit fund. (§ 6661 [now § 7289].) Under former section 6657 (now § 7281), when any patient's fund exceeded $500, the excess could be applied toward the cost of his care.

■ When a husband obtains a divorce on the ground of incurable insanity his marital support obligation continues. (Civ. Code, § 4510; *Aronstein* v. *Aronstein* (1959) 170 Cal.App.2d 494, 497-498 [339 P.2d 191].) The divorce decree taken by appellant specifically stated that he was not relieved of marital support obligations. Hence, appellant was a party from whom the Department of Mental Hygiene could seek payments for respondent's care. Such payments would apply toward the discharge of appellant's obligation to support respondent. (Former § 6661 [now § 7289].)

■ But the 1966 order did more than affirm an agreement setting the amount to be paid to the department; it purported to modify appellant's total obligation to respondent. No statute authorized the department to compromise respondent's support rights against appellant; the department had no interest in any sum owing to respondent above the amount of its claim for hospital care. Former section 6661 only authorized the department to *collect* debts owing to a patient; it does not follow that the department could compromise the amount of such debts. The purpose of section

6661 was to protect a patient's property by providing a simple procedure whereby small debts could be collected for a patient without the expense of having a guardian appointed.

There is no merit in appellant's argument that the department, by virtue of the fact that it was providing respondent's care, was the sole party interested in her financial status, and that service on respondent would therefore have served no purpose. It may be true that respondent's financial needs diminished while she was in the hospital. If so, appellant could perhaps have shown good cause for modification of the decree. But respondent was entitled to an opportunity to oppose a reduction. She might have had financial needs, beyond the expense of her hospital care, justifying support payments at the former level, or at least at a higher level than that proposed by appellant.[1]     The fact that respondent may have been incompetent during her commitment did not dispense with the necessity for service on her. A guardian could have been appointed to protect her interests. (Code Civ. Proc., § 372; Prob. Code, § 1460.) In any event, the record does not disclose that respondent had been determined incompetent. An adjudication of mental illness for the purpose of commitment is not a conclusive determination that the person is for all purposes incompetent. (*In re Zanetti* (1949) 34 Cal.2d 136, 143 [208 P.2d 657]; *Hsu* v. *Mt. Zion Hospital* (1968) 259 Cal.App.2d 562, 572-573 [66 Cal.Rptr. 659].)

The order appealed from is affirmed.

Devine, P. J., and Rattigan, J., concurred.

---

[1]Even if respondent had been served, support payments that had already accrued could not have been modified retroactively. (Former Civ. Code, § 139, see present § 4801; *Keck* v. *Keck* (1933) 219 Cal. 316, 320 [26 P.2d 300].)