[Civ. No. 43464. Second Dist., Div. Two. Dec. 2, 1974.]

JENNIFER DAPHINE PARKER, Plaintiff and Appellant, v. MALCOLM DAVID PARKER, Defendant and Respondent.

## COUNSEL

Herb Wiener for Plaintiff and Appellant.

Bernard & Jaffe and Saul J. Bernard for Defendant and Respondent.

## OPINION

**ROTH, P. J.**—Appellant, Jennifer Parker, obtained an interlocutory and final decree of divorce from respondent, Malcolm David Parker, from the Santa Barbara Superior Court on March 12, 1968, and March 6, 1969, respectively. Each of the decrees awarded custody of Sally Jane, the child of the couple born July 14, 1964, to David. Sometime between March 6, 1969 and July 11, 1972, Jennifer married Dan E. Roark and lived with him in Kingman, Arizona. On the latter date the Santa Barbara Superior Court modified its final decree (July modification) granting physical custody of Sally Jane to Jennifer.

In accordance with visitation rights granted by the July modification, Sally Jane was spending Christmas vacation with her father. During the vacation Sally Jane detailed to her father the manner of treatment she received from her mother and Roark, and insisted upon staying with respondent. As a consequence of the complaints, Sally Jane's insistence and respondent's conviction as to what was in the best interest of the

child then approximately eight years of age, respondent on December 27, 1972, moved in the Superior Court of Los Angeles for an order requiring appellant to show cause (O.S.C.) on January 10, 1973, why the July modification should not be changed to transfer physical custody to respondent. Respondent's motion was supported by a declaration of abundant and detailed probative facts. The motion for the O.S.C. also contained a request for the concurrent issuance of an order restraining appellant from attempting to regain physical custody of Sally Jane pending the hearing of the O.S.C. on January 10, 1973.

On the date of the issuance of the O.S.C., to wit, December 27, 1972, respondent did by certified mail transmit copies of the O.S.C. and its supporting declaration to appellant and her counsel of record.

It is not clear from the record whether *appellant and* her counsel appeared on January 10, 1973 in response to the O.S.C., but it is clear that appellant's counsel at that time moved to dismiss the O.S.C. because of an alleged defect in the service thereof, the thrust of appellant's argument being that when Civil Code section 4809 was read together with Code of Civil Procedure section 415.40, appellant was entitled to but had not received a proper 10-day notice.

It will be pointed out, *infra,* that appellant misconceives the application of said code sections; that proper notice was given and that, in any event, appellant had ample notice and by her own conduct waived and is estopped to assert any alleged deficiency.

On January 10, 1973, appellant's counsel, arguing his pending motion to dismiss the O.S.C., said in pertinent part: "I am not pursuing the motion for dismissal if—if the Court will grant me a motion for a continuance. Now, I tell Your Honor what I am basing that on. On January 2 after I learned . . . by my client sending me a copy from Arizona—Judge Riley's issuance of the order . . . restraining petitioner from regaining possession of her child, I called Judge Riley's chambers and made an appointment to come down at 1:30. I called Mr. Bernard's office. He was not in, but I wanted . . . to let them know I would be appearing at the chambers of Judge Riley on January 2 at 1:30 . . . .

"I did appear on the 2nd in front of Judge Riley,* and I pointed out to him . . . Civil Section 4809 . . . , and . . . he issued an order on that day striking that portion of the Order to Show Cause, and that Minute Order is to that effect." After he had, on January 2, 1973, secured the

---

*Minute order of that date shows it was Judge Ryburn.

elimination of the pendente lite injunction against appellant, appellant nevertheless was unable to regain custody of Sally Jane; whereupon appellant caused the issuance of an order directed to respondent requiring respondent to appear on January 30, 1973 in the Superior Court of Los Angeles and show cause why he should not be punished for contempt (contempt order).

Appellant admits in her brief that her counsel did state to the court on January 10: "[T]hat if the court would order [continue] the father's order to show cause to January 30, 1973, the same date for the hearing of the mother's order to show cause re contempt for the father's failure to return Sally Jane after the Christmas holiday visitation, that the mother would withdraw her motion to dismiss father's order to show cause and would voluntarily submit herself to the jurisdiction."

The trial judge declared that he desired to make an investigation. Without objection an investigator from the probation department was appointed; pendente lite custody in respondent was confirmed; denied appellant's motion to dismiss and the case was continued for hearing and disposition to April 16, 1973.[1] On that date, after a complete hearing, the trial court changed the July modification and granted custody of Sally Jane to respondent with rights of visitation to appellant.

█ Appellant's sole ground of appeal is that appellant did not have 10 days' notice of the O.S.C. hearing and that the trial court was without jurisdiction to hear the matter since the California Long Arm Statute (Code Civ. Proc., § 415.40) had not been complied with and, thus, the court never acquired jurisdiction. The question involved, however, was not one of jurisdiction but was one of proper notice. Section 415.40 dealing with service of a summons is not pertinent to proper notice under section 4809. The court had jurisdiction of the subject matter, Sally Jane, and the parties (*Forslund* v. *Forslund* (1964) 225 Cal.App.2d 476, 484 [37 Cal.Rptr. 489]). █ It is settled that the notice required for a modification of an order changing custody is that provided in the Code of Civil Procedure for giving and serving of motions in civil actions. (Code Civ. Proc., §§ 1010-1020.) █ The partial record presented to this court clearly indicates that proof of service by mail by deposit thereof (Code Civ. Proc., § 1013) was filed by respondent showing service on December 27, 1972, as to appellant and December 28, 1972, as to her

---

[1]On January 16, 1973, appellant, predicated on defective service of the O.S.C., petitioned Division I of this court for a writ to mandate the superior court to grant her motion to dismiss the O.S.C.; to order custody to appellant and prohibit the court from proceeding on April 16. The writ was denied without opinion. (2-Civ. 41554.)

attorney, and that this service complied with the requirements of Code of Civil Procedure section 1013a.

There is nothing in the record which shows affirmatively that appellant personally did not actually receive the O.S.C. with 10 days' notice. It is clear that appellant's counsel did have it since it was deposited in the United States mail on December 28, 1972, addressed to counsel at his Los Angeles address. Allowing an extra day for each 100 miles (Code Civ. Proc., § 1013) it would appear that appellant received her notice prior to December 31, 1972. Wholly aside from the fact that time runs from deposit in the United States mail (Code Civ. Proc., § 1013), the in-court statements of appellant's counsel made on January 10, 1973, suggest that appellant actually received her copies in Kingman, Arizona before January 2, 1973, when counsel, as he stated, appeared before Judge Riley " . . . my client sending me a copy from Arizona," and successfully persuaded the sitting judge to delete a pendente lite injunction from the moving papers. Thereafter and prior to January 10, 1973, appellant caused to be issued a contempt order against respondent to be heard on January 30, 1973, and as appears from her counsel's statement previously quoted, did on January 10, 1973, waive alleged jurisdictional objections if the court would: (1) restore immediate custody of Sally Jane to appellant, and (2) consolidate appellant's motion to adjudge respondent in contempt with respondent's O.S.C. and continue the hearing of both to January 30, 1973.

We encourage and applaud zealous counsel but we cannot equate captiousness with zeal.

We are impelled to the conclusion that counsel's conduct in the trial court and the argument made in appellant's brief in this court is a prolonged, unwarranted imposition on the court. In criminal cases public policy dictates that an indigent be accorded an opportunity to protect life, liberty and reputation with all the legal weapons available to those of means, as a consequence of which the Court of Appeal in every district does process and decide numerous appeals of little merit. There is no such public or judicial policy mandated in civil cases. Conscious as we are to the sensitive and explosive nature of a child custody proceeding, we, nevertheless, feel that lawyers who are officers of the court have a responsibility to refrain from and discourage meritless appeals in civil cases.

This appeal is obviously frivolous. The order appealed from is affirmed. Counsel for appellant is ordered to pay to respondent $250 in damages

in addition to costs of appeal. (Cal. Rules of Court, rule 26(a); *In re Marriage of Millet* (1974) 41 Cal.App.3d 729, 732 [116 Cal.Rptr. 390].)

Fleming, J., and Beach, J., concurred.

A petition for a rehearing was denied December 26, 1974, and appellant's petition for a hearing by the Supreme Court was denied January 29, 1975.