[Civ. No. 48145. Second Dist., Div. Five. Aug. 13, 1976.]

ROSS M. GORTNER, Plaintiff and
Respondent, v.
CAROL J. GORTNER, Defendant and
Appellant.

**COUNSEL**

Henry J. Faitz for Defendant and Appellant.

Martin J. Barab for Plaintiff and Respondent.

**OPINION**

**ASHBY, J.**—Appellant Carol J. Gortner (Wife) appeals from an order of July 22, 1975, vacating a previous order (of March 18, 1975, concerning child support), and quashing a writ of execution which had been issued on the March 18 order.

An interlocutory judgment of divorce was entered on May 3, 1968, and a final judgment of divorce was entered February 28, 1969. As modified on January 10, 1973, the judgment provided that respondent Ross M. Gortner (Husband) pay child support for the parties' daughter, Gigi (born March 2, 1961), in the amount of $175 per month. On January 16, 1975, Wife filed request for order to show cause re modification of child support, requesting that child support be increased to $1,000 per month and that Husband pay certain extraordinary medical and educational expenses for the child. The hearing on the order to show cause was continued from January 31, 1975, to March 18, 1975.

On March 18, 1975, Wife and her counsel, Henry J. Faitz, were present; neither Husband nor his counsel was present. Commissioner Philip Erbsen made an order that child support be increased to $500 per month and that Husband pay all medical expenses immediately. On May 16, 1975, Wife obtained a writ of execution on the order of March 18, 1975.

On June 23, 1975, Husband executed and thereafter filed a request for order to show cause re modification of child support and a notice of motion to quash and set aside the writ of execution. In his declaration in support of the motion to quash and set aside the writ of execution, Husband stated that he had been out of the country during March, and that before he left the country he was advised by his then attorney, Michael Kaiman of the Harry E. Weiss law offices, that the hearing on Wife's request for order to show cause re modification of child support would be continued until after Husband returned. When Husband did return in April, he learned that his attorney, Michael Kaiman, had died on or about April 1. Husband learned of the order of March 18, 1975, for the first time when he was served with the writ of execution. He then contacted his present attorney, Martin J. Barab, who sometimes handles matters for the Weiss firm. A substitution of attorney naming Martin J. Barab as Husband's attorney in place of Michael Kaiman was filed June 24, 1975. In his declaration Husband further stated that he could not pay $500 per month child support and would be forced to seek modification of the child support order in the event that the March 18 order was not set aside. In support of his request for the order to show cause re modification of child support, Husband stated that he had never had his day in court, that he could not afford $500 per month child support, and that the order increasing the child support to $500 would not have been entered if he had had an opportunity to appear.

Service of Husband's request for order to show cause re modification of child support and notice of motion to quash and set aside writ of execution was made by mail on Wife's attorney, Henry J. Faitz, on June 26, 1975.[1]

On July 22, 1975, the court held a hearing on Husband's motion to quash and set aside the writ of execution. It appears that only counsel for Husband was present at the hearing. The court quashed and set aside the writ of execution, vacated and set aside the order of March 18, 1975, and

---

[1] Faitz' office address was in Santa Cruz, California.

reinstated the prior order for child support. Also on July 22, 1975, the court placed off calendar Husband's order to show cause re modification of child support.

## DISCUSSION

■ Wife contends that the order of July 22, 1975, was not valid because there was defective proof of service of notice of Husband's motion. Wife contends that the notice of motion was required to be served on her, and that service upon her attorney was insufficient, by virtue of Civil Code section 4809.[2]

Civil Code section 4809 is a restatement of former Civil Code section 147, enacted in 1963.[3] Consistent with the usual rule that after a party has been served with process necessary for the court to obtain personal jurisdiction subsequent notices of motion must be served on the party's attorney of record (Code Civ. Proc., § 1015; 4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial, § 14, p. 2687), the rule in divorce cases prior to enactment of former section 147 was that, even after a final judgment of divorce, notice of a subsequent motion to modify the support or maintenance provisions thereof was to be served on the attorney of record because the matter was regarded as still continuing. (*Reynolds* v. *Reynolds,* 21 Cal.2d 580, 583-584 [134 P.2d 251]; *Conae* v. *Conae,* 109 Cal.App.2d 696, 697 [241 P.2d 266]; *Russ* v. *Russ,* 68 Cal.App.2d 400, 405 [156 P.2d 767].)

This rule led to certain problems for attorneys and their clients and therefore former section 147 was enacted. The problem was described this way: ". . . This rule may be unfair in domestic relations cases. For, if the court grants alimony or child support, it may retain jurisdiction indefinitely, and years may pass before one of the parties seeks modification of the original order. Because the motion is 'supplementary', service upon the attorney alone was sufficient. Often an attorney

---

[2]Civil Code section 4809 provides as follows: "After the entry of a final judgment decreeing the dissolution of the marriage or the legal separation of the parties, or after a declaration of void or voidable marriage, or after a permanent order in any other proceeding in which there was at issue the custody, support, maintenance, or education of a minor child, no modification of such judgment, order, or decree, and no subsequent order in such proceedings shall be valid unless any prior notice otherwise required to be given to a party to the proceeding be served, in such manner as such notice is otherwise permitted by law to be served, upon the party himself. For such purpose, service upon the attorney of record shall not be sufficient."

[3]Statutes 1963, chapter 605, section 1, page 1481.

who had lost touch with a former client was forced to make a perfunctory and often ineffective challenge with no help from his former client and no recent information with which to defend the client's interest. See 2 The California Family Lawyer § 22.96 (Cal. C.E.B. 1963)." *(Review of Selected 1963 Code Legislation* (1963) 38 State Bar J. 639.)

Former section 147, now section 4809, dealt with this problem by requiring service of notice of subsequent proceedings on the party himself and by stating explicitly that "[f]or such purpose, service upon the attorney of record shall not be sufficient." (See, e.g., *In re Marriage of Gabriel,* 50 Cal.App.3d 556, 558 [123 Cal.Rptr. 454].)

In the instant case Husband did not serve Wife personally with notice of his motion to vacate the March 18, 1975, order, as required by section 4809. Neither Wife nor her attorney responded to the motion or appeared at the hearing. Thus, unlike the rather unique circumstances in *Ruszovan* v. *Ruszovan,* 268 Cal.App.2d 902, 906-907 [74 Cal.Rptr. 507],[4] there is no evidence that Wife had actual notice of the proceedings.

Husband contends that the requirements of section 4809 applied only to his order to show cause re modification and not to his notice of motion to quash. A similar contention was rejected in *In re Marriage of Gabriel, supra,* 50 Cal.App.3d 556, 558, where it was argued that section 4809 applied only to a modification of the decree and not to an order determining arrearages. The court pointed out that by its terms section 4809 applies to any "subsequent order in such proceedings." In light of the purposes of section 4809, Wife was entitled to notice that Husband was seeking to set aside the March 18 order.

We conclude that the July 22, 1975, order must be reversed because Wife was not served in accordance with section 4809.

Reversal of that order does not leave Husband without a remedy. He is free to renew his motion in the trial court after giving notice to Wife in accordance with section 4809.[5]

---

[4]In *Ruszovan* the attorney who represented the former wife in the divorce action subsequently married her himself and hired her as his secretary. Two and one-half years later, when the former husband sought to serve the former wife at the attorney's office, the attorney told the process server that she was not there, but that he was her attorney and present husband, and that he would accept service for her. He also telephoned the husband's attorney and obtained a continuance of the hearing.

[5]There is no merit to Wife's contention that, aside from service being on the wrong person, the manner of service in this case was also defective. Wife contends that there

Husband contends that Wife is equally guilty of a failure to comply with section 4809. He argues that there is no evidence he was personally served with notice of Wife's January 1975 request for order to show cause re modification of child support. However, that issue is not directly before us. If, as contended, Wife failed to comply with section 4809 in obtaining the previous order, Husband could raise that issue in the trial court. However, we note that Husband's own declaration in support of his motion shows that he had actual notice that a hearing was scheduled for March 18, 1975 (although he was under the impression it would be continued until later). ■ The purpose of section 4809 is to provide the opposing party with notice of the proceedings. If it could be shown that the party had actual notice of the proceedings, a technical failure to comply with section 4809 would not invalidate the order. (*Lewis* v. *Lewis,* 49 Cal.2d 389, 396 [317 P.2d 987]; *Leverett* v. *Superior Court,* 222 Cal.App.2d 126, 134 [34 Cal.Rptr. 784].)[6]

Nevertheless, even assuming that Husband had actual notice of the scheduled March 18 hearing, he is still free to pursue in the trial court his theory that he should be relieved from the March 18 order because his former attorney, now deceased, assured him that the hearing would be continued until Husband returned from abroad. (See Code Civ. Proc., § 473.)[7]

The order appealed from is reversed. Wife is awarded attorney's fees on appeal in an amount to be determined by the trial court upon proper motion.

Stephens, Acting P. J., and Hastings, J., concurred.

On September 3, 1976, the judgment was modified to read as printed above.

---

was no written acknowledgement returned, as required by Code of Civil Procedure section 415.30. That section deals with service of summons by mail in order to obtain personal jurisdiction over the party, and is not relevant to this problem. The court already had jurisdiction, and service by mail in accordance with the requirements of Code of Civil Procedure sections 1013 and 1013a was sufficient. (*Parker* v. *Parker,* 43 Cal.App.3d 610, 613 [117 Cal.Rptr. 707].)

[6]Thus, although one case has used the term "lack of jurisdiction" in discussing a failure to comply with section 4809 (*Young* v. *Young,* 14 Cal.App.3d 1, 4 [92 Cal.Rptr. 148]), the issue is one of notice rather than "jurisdiction" in the sense of service of process. (*Parker* v. *Parker, supra,* 43 Cal.App.3d 610, 613; see fn. 5, *ante.*)

[7]In this connection, Wife's argument that Husband's notice of motion to quash and set aside the writ of execution was defective because it did not contain a financial declaration (see Cal. Rules of Court, rules 1225, 1243), is without merit. That motion was in the nature of a motion for relief from a default judgment, and the declarations were properly directed to the circumstances of the default.