[Civ. No. 21226. Third Dist. May 24, 1982.]

JANNEAN COLLETTE ALBRECHT, Petitioner, v.
THE SUPERIOR COURT OF EL DORADO COUNTY,
Respondent;
RAYMOND ARTHUR LAIRD, JR., Real Party in Interest.

COUNSEL

Keller & Paccassi and Stephen B. R. Keller for Petitioner.

No appearance for Respondent.

Karen Tustin for Real Party in Interest.

OPINION

**SPARKS, J.**—The issue presented in this writ proceeding is whether a postdissolution contempt citation may validly be served upon counsel for an absent party without a factual showing of concealment and of reasonable efforts to give notice to the missing party. We hold that it may not and issue the writ.

Petitioner, a citee in a contempt of court proceeding, seeks through her counsel a writ of mandate/prohibition directing respondent superior court (Court) to quash service of the order to show cause and restraining it from proceeding further on the ground she was not properly served with the order under Civil Code section 4809.

On October 27, 1981, the Court denied petitioner's motion to quash and set the matter for hearing on the order to show cause. We stayed the proceeding and issued an alternative writ of prohibition.

Petitioner contends Civil Code section 4809 requires service of an order to show cause on the party rather than on her counsel. Even if it does permit service on counsel under some circumstances, she asserts the court erred in permitting such service here.

FACTS

On July 15, 1981, in a postdissolution proceeding, the court awarded petitioner and her former husband, real party in interest, joint custody of their minor child. The court established a custody and visitation schedule, giving petitioner primary physical custody. Petitioner's counsel on this appeal represented her in that custody proceeding.[1]

On September 17, 1981, the Court issued an order to show cause. The declaration supporting that order alleged petitioner had left the area with the parties' child without advising real party of their whereabouts, depriving real party of his visitation rights and violating the Court's order. The declaration further stated "Because petitioner (Citee) is concealing herself and my son and because she may have left the state, I request that the court direct that service of this Order be made on Petitioner's attorney of record . . . ." The declaration was signed by real party.

[1]Final judgment in the parties' dissolution was entered January 15, 1979. Petitioner's counsel here did not represent her in the original dissolution proceeding.

Petitioner's counsel, appearing specially by means of a declaration, argued service of the order to show cause upon him was improper and asked the Court to quash service and discharge it. He stated final judgment in the parties' dissolution case was entered January 15, 1979, that he did not then represent petitioner, and that he was retained June 17, 1981, for the limited purpose of representing petitioner in a proceeding to modify custody. Counsel averred he had had no contact with petitioner for more than six weeks, had no ability to contact her, and thought his representation of petitioner had ended.

On October 27th, respondent Court issued its minute order denying petitioner's motion to quash the order to show cause. The Court ruled petitioner's counsel, as her attorney of record, was authorized to accept service on her behalf. The Court observed the order to show cause did not seek to modify an existing court order, and that petitioner was apparently concealing herself to avoid complying with the Court's previous visitation order and to avoid service of the order to show cause. Finally, the Court held service of the order on petitioner's attorney was proper, and that service of its minute order on her attorney "shall constitute adequate and proper notice of the hearing on said Order . . . ."

## DISCUSSION

### I

■ Civil Code section 4809 provides: "After the entry of a final judgment decreeing the dissolution of the marriage or the legal separation of the parties, or after a declaration of void or voidable marriage, or after a permanent order in any other proceeding in which there was at issue the custody, support, maintenance, or education of a minor child, no modification of such judgment, order, or decree, *and no subsequent order in such proceedings* shall be valid unless any prior notice otherwise required to be given to a party to the proceeding be served, in such manner as such notice is otherwise permitted by law to be served, upon the party himself. For such purpose, service upon the attorney of record shall not be sufficient." (Italics added.)

Any "subsequent order" is within the ambit of this statute. Code of Civil Procedure section 1003, defines an order as "[e]very direction of a court or judge, made or entered in writing, and not included in a judgment, . . . " The instant order to show cause, though not a modification of a judgment, is a "subsequent order." Therefore, the trial court erred

when it suggested the order may not be subject to the requirements of Civil Code section 4809.[2] (See *In re Marriage of Gabriel* (1975) 50 Cal.App.3d 556, 558 [123 Cal.Rptr. 454].)

In *Gortner* v. *Gortner* (1976) 60 Cal.App.3d 996 [131 Cal.Rptr. 919], the trial court had entered an order vacating a previous order regarding child support upon motion of one of the parties. Service of notice of the motion was made by mail on the attorney for the other party. The Court of Appeal reversed on the ground the party was not served pursuant to section 4809. (*Id.*, at p. 1000.) The Court observed that the rule in domestic relations cases prior to enactment of former section 147 (now § 4809)[3] was that notice of a motion subsequent to the final judgment of dissolution could be served on the attorney of record because the matter was regarded as continuing. This rule understandably caused problems for both attorneys and their clients. Frequently the attorney had lost touch with a former client but, because the attorney was of record in the original matter, was compelled to defend against the action with no assistance from the client. Section 4809 dealt with this problem by requiring service of notice of subsequent proceedings be made on the party, rather than on the attorney of record. (*Id.*, at pp. 999-1000.)

The *Gortner* court, approving *In re Marriage of Gabriel, supra*, 50 Cal.App.3d at page 558, declared section 4809 by its terms applies to any "subsequent order." (*Id.*, at p. 1000.) It also held failure to comply with section 4809 is a matter of defective notice, rather than lack of jurisdiction in the sense of service of process, as the court already has jurisdiction.[4] (*Id.*, at pp. 1000-1001, fns. 5, 6.) Finally, the Court pointed out the party there was free to renew his motion in the trial court after giving proper notice in accord with section 4809. (*Id.*, at p. 1000.)

In the instant case, petitioner's attorney is in exactly the situation the Legislature, by enacting section 4809, sought to prevent. Counsel, un-

---

[2] All further references, unless otherwise indicated, are to the Civil Code.

[3] Former section 147 was enacted in 1963. Current section 4809 was enacted in 1969, effective January 1, 1970.

[4] Other authorities state personal service of the order to show cause on the party charged is a jurisdictional basis of a contempt order, and that failure to comply with section 4809 constitutes a lack of jurisdiction. (5 Witkin, Cal. Procedure (2d ed. 1971) Enforcement of Judgment, § 162, p. 3523; *Young* v. *Young* (1970) 14 Cal.App.3d 1, 3-4 [92 Cal.Rptr. 148].)

less granted relief, will be forced to defend against the contempt action on the merits, although he has had no contact with his client, and apparently cannot contact her.[5]

## II

■ Real party, however, contends that, notwithstanding the dictates of section 4809, service of an order on counsel is proper where, as alleged here, the citee is concealing herself.

One of the leading cases permitting service on counsel representing an absent client is *Shibley* v. *Superior Court* (1927) 202 Cal. 738 [262 P. 332]. There, service of an order to show cause in a contempt proceeding based on a refusal to pay support was made upon the attorney. The court, upholding the service, noted defendant was absent from California and could not be found, but was still a resident of California, and counsel was actively representing him. The court found justification for substituted service by relying on the rule that where a party conceals himself to avoid service of a contempt citation, substituted service may be had upon his attorney. This rule is based upon the principle that every court possesses inherent jurisdiction to punish for contempt (Code Civ. Proc., § 187; Cal. Rules of Court, rule 1249), and a party cannot defeat that jurisdiction by concealing himself to avoid service. (See also *Foley* v. *Foley* (1898) 120 Cal. 33, 39 [52 P. 122]; *In re Meyer* (1933) 131 Cal.App. 41, 43-44 [20 P.2d 732]; *Kottemann* v. *Kottemann* (1957) 150 Cal.App.2d 483, 486 [310 P.2d 49]; *Kroneberger* v. *Superior Court* (1961) 196 Cal.App.2d 206, 210; cf. *In re Morelli* (1970) 11 Cal.App. 3d 819, 839 [91 Cal.Rptr. 72]; *In re Abrams* (1980) 108 Cal.App.3d 685, 690-694 [166 Cal.Rptr. 749].)

The *Shibley* court also pointed out defendant there had actual notice of the order forming the basis of the contempt proceeding and in fact left the state to evade service of that order. (*Id.*, 202 Cal. at pp. 741-743.)

In *Smith* v. *Smith* (1953) 120 Cal.App.2d 474 [261 P.2d 567], the court adopted the *Shibley* rationale on similar facts. It held that, while

---

[5]Nevertheless we remind counsel that an attorney, absent withdrawal (Code Civ. Proc., § 285.1), remains of record in a domestic relations case. (1 Witkin, Cal. Procedure (2d ed. 1970) Attorneys, § 39, pp. 48-49.) Our analysis of section 4809 does not alter the force of this rule.

some notification of an order is a prerequisite for a valid contempt adjudication, such notification need not be formal; actual knowledge of a pending proceeding may be sufficient. (*Smith* v. *Smith, supra*, 120 Cal.App.2d at pp. 486-487.)

## III

None of these decisions discussed the nature of the showing a party alleging concealment must make in order to obtain substituted service. Petitioner implies a declaration containing only conclusory allegations is an insufficient basis upon which to direct service on counsel.

An examination of the contempt power is instructive. Section 4380 provides the court may enforce any of its family law orders by contempt. Contempt is defined as disobedience of any lawful court order. (Code Civ. Proc., § 1209, subd. 5.) An indirect contempt proceeding is commenced by the filing of an affidavit or declaration setting forth the facts. (Code Civ. Proc., § 1211.) An ex parte order to show cause then issues which, when served on the party charged, establishes personal jurisdiction over him. (Code Civ. Proc., § 1212; 5 Witkin, Cal. Procedure, Enforcement of Judgment, *supra*, p. 3520.) Although the order to show cause in re contempt arises out of the main civil action, the contempt proceeding itself is separate and distinct. It is a quasi-criminal proceeding, and may result in a fine or jail sentence, or both. (Code Civ. Proc., § 1218; *Kroneberger* v. *Superior Court, supra*, 196 Cal.App.2d at p. 210; 5 Witkin, Cal. Procedure, Enforcement of Judgment, *supra*, at pp. 3522, 3524-3525.)

Thus, a contempt proceeding in the context of a domestic relations action is uniquely situated. It has attributes of a new, criminal matter, yet is also a principal means of enforcing the court's orders as the court exercises its continuing jurisdiction over the parties and subject matter. (*McClenny* v. *Superior Court* (1964) 60 Cal.2d 677, 687-688 [36 Cal. Rptr. 459, 388 P.2d 691].)

The requirements of notice and a hearing apply to a contempt proceeding, and have been characterized as "jurisdictional." (*Kroneberger* v. *Superior Court, supra*, 196 Cal.App.2d at p. 210; 5 Witkin, Cal. Procedure, Enforcement of Judgment, *supra*, p. 3524.) An indication of the importance the Legislature has attached to ensuring the alleged contemner receives actual notice is revealed in Code of Civil Procedure sections 1010-1020. Those sections provide generally that service of no-

tices following service of summons or other process may be done on counsel or by mail, except service of contempt papers. (See Code Civ. Proc., §§ 1015, 1016.)

The notice and hearing requirement originates in the due process clauses of the Fourteenth Amendment to the federal Constitution and article I, section 7 of the state Constitution. Notice and an opportunity to be heard must precede deprivations of life, liberty or property. (*Mullane* v. *Central Hanover Tr. Co.* (1950) 339 U.S. 306, 313, [94 L.Ed. 865, 872-873, 70 S.Ct. 652].)

In *Mullane*, the United States Supreme Court discussed the kind of notice required of a petition for judicial settlement of accounts filed by a trust company. The court enunciated the following standard: "An elementary and fundamental requirement of due process *in any proceeding which is to be accorded finality* is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. [Citations.] The notice must be of such nature as reasonably to convey the required information [citation], and it must afford a reasonable time for those interested to make their appearance, [citations]." (Italics added.) (339 U.S. at p. 314 [94 L.Ed. at p. 873].)

Application of the *Mullane* standard to the instant case presents this issue: Does real party's declaration alleging only that petitioner is concealing herself and may have left the state provide sufficient basis for the court to direct service on counsel? We are of the view that it does not, and hold compliance with section 4809 is excused only after a party has alleged taking steps "reasonably calculated" to apprise the contemner of the action. The terms of section 4809 and the nature of the contempt proceeding and its potential consequences compel us to so hold.[6]

The record in the instant case does not disclose any efforts real party made to apprise petitioner of the contempt action. After reciting the visitation provision from the court's previous order, real party's declara-

---

[6]This is not a case where petitioner had actual notice of the contempt proceeding, or where petitioner authorized counsel to take action on her behalf. (*Smith* v. *Smith, supra,* 120 Cal.App.2d at pp. 486-487; *Ruszovan* v. *Ruszovan* (1969) 268 Cal.App.2d 902, 906-907 [74 Cal.Rptr. 507].) We note the appearance of counsel was a special appearance and did not subject petitioner to the court's jurisdiction. (Code Civ. Proc., § 418.10, subd. (d).)

tion states but one factual allegation: "[p]etitioner ... left the area with the minor child on or before 9/4/81 without advising [real party] of his son's whereabouts ..." in violation of the court's order. We may assume real party learned this fact when he attempted to visit his son. But we are not told what, if anything, real party did to ascertain petitioner's whereabouts, or whether any form of service on petitioner was ever attempted. Thus, the declaration, by failing to allege constitutional notice, fails to sufficiently state "facts constituting the contempt." (Code Civ. Proc., § 1211; *Emanuel v. Superior Court* (1960) 184 Cal.App.2d 844, 849-850 [8 Cal.Rptr. 81]; *Arthur v. Superior Court* (1965) 62 Cal.2d 404, 408 [42 Cal.Rptr. 441, 398 P.2d 777]; see also *In re Miller* (1960) 179 Cal.App.2d 12, 18 [3 Cal.Rptr. 450].)

The burden we impose on real party is not unreasonable. Real party must use such means "as one desirous of actually informing the absentee might reasonably adopt to accomplish it." (*Mullane v. Central Hanover Tr. Co., supra*, 339 U.S. at p. 315 [94 L.Ed. at p. 874].) Real party should attempt to ascertain petitioner's whereabouts by contacting friends and relatives and past employers, or by utilizing such means as the Department of Motor Vehicles and parent locator services. (See e.g., § 4604, subd. (b).) Real party may attempt service at petitioner's last known address, or service by publication in a newspaper upon a proper showing. (See e.g., Code Civ. Proc., § 415.50.) If real party's attempts to serve and notify petitioner prove fruitless, real party should prepare an affidavit or declaration stating with some specificity attempts made and their results. This will provide the trial court with an adequate basis to determine the propriety of allowing substituted service on petitioner's counsel as an act of its continuing jurisdiction. As we have held, in light of the constitutional command and potential grave consequences of the contempt proceeding, such a showing is compelled. If the court finds sufficient basis, it may then issue a new order to show cause and direct service on counsel. Thus, real party is not without a remedy. (See *Gortner v. Gortner, supra*, 60 Cal.App.3d at p. 1000.)

Although we have found no cases applying the *Mullane* analysis to the instant situation, we note other courts have not had to face the issue of the adequacy of the showing of concealment. For example, in *Shibley v. Superior Court, supra*, 202 Cal. 738, the trial court had before it facts regarding defendant's concealment. (*Id.*, at p. 740.) Similarly, in *Foley v. Foley, supra*, 120 Cal. 33, the record supports the inference drawn from affidavits containing factual allegations showing conceal-

ment. (*Id.*, at p. 39.) Finally, in *Kottemann v. Kottemann, supra*, 150 Cal.App.2d 483, the record disclosed efforts were made to locate the contemner. (*Id.*, at p. 484.)

Thus, we think the adequacy of the steps taken to notify the contemner is an indispensable element in a contempt situation. Viewed in light of section 4809, together with *Mullane's* due process mandate, only an affidavit or declaration alleging specific facts showing concealment and reasonable efforts to give notice can pass constitutional muster.

Let a peremptory writ of mandate issue directing respondent trial court to vacate its order denying petitioner's motion to quash service of the order to show cause, and to enter an order quashing service on petitioner's counsel and discharging the order to show cause against petitioner.

Regan, Acting P. J., concurred.

Evans, J., concurred in the result.