[No. C019863. Third Dist. Sept. 15, 1995.]

COUNTY OF SHASTA et al., Plaintiffs and Respondents, v.
TWIG GERALD SMITH, Defendant and Appellant.

**COUNSEL**

A. Orrin Friedman for Defendant and Appellant.

Daniel E. Lungren, Attorney General, Roderick E. Walston, Chief Assistant Attorney General, Carol Ann White and M. J. Hamilton, Deputy Attorneys General, Grover C. Trask, District Attorney, and Tex Ritter, Deputy District Attorney, for Plaintiffs and Respondents.

**OPINION**

**DAVIS, J.**—Defendant Twig Gerald Smith appeals from the denial of his "motion to determine arrearages." He claims he is entitled to a credit on his child support obligations for withholdings apparently appropriated by his absconded bankrupt employer. After our initial examination of the record, we requested supplementary briefing from the parties regarding the statutory basis for the motion, possible prematurity of the motion, and the lack of notice to other potential parties. We conclude the motion was properly before the trial court, and that the defendant is not entitled to the relief he seeks. We therefore affirm.

FACTS

In 1986, Shasta County petitioned for reimbursement of public assistance *and establishment of child support*, effecting service on the defendant at his Orange County residence. (Welf. & Inst. Code, §§ 11350, 11350.1.) Following a hearing at which the ex-wife and Shasta County representatives appeared but the defendant did not, the court issued a February 1987 default judgment against defendant. The judgment authorized a wage assignment pursuant to former Civil Code section 4701 (Stats. 1985, ch. 1069, § 3.2, p. 3571).

Shasta County obtained various wage assignment orders over the next two years. Finally, it obtained a writ of execution for arrearages of $1,100 (rounded) in October 1990. The Orange County Marshall filed a return on the writ in May 1991 declaring it wholly satisfied by the defendant's employer, Engineered Tools, Inc.

In February 1991, Riverside County filed a notice with the Shasta County Superior Court that the defendant's ex-wife and children had been receiving public assistance from it since 1987, which effected an assignment to it of Shasta County's rights. Based on Riverside County's ex parte request, the

court issued a new wage assignment in its favor, finding approximately $900 in child support arrearages. The court issued a modified wage assignment in July 1991 that deleted any provision for withholding for arrearages.

In August 1994, the defendant noticed the instant motion, seeking a declaration he was not liable for support payments which his former employer, Engineered Tools, withheld but did not forward to Riverside County. In his declaration, he provided a schedule of amounts deducted from his wages and the lesser amount of money received by Riverside County. Apparently, Engineered Tools filed for bankruptcy but disappeared without making an appearance in the action. Defendant continued, "I have been in contact with the Riverside District Attorney[']s office and they have indicated to me that since they did not receive the amounts from my employer, I still owe that amount."

In its responsive declaration, Riverside County acknowledged it was owed no money itself but was merely acting as the collection agency for San Bernadino County, which in turn was forwarding the support payments to the defendant's ex-wife. In addition to asserting the matter was preempted by federal bankruptcy law (the defendant having filed a claim in the dismissed bankruptcy proceeding of Engineered Tools), Riverside County also raised the issue of lack of notice to the ex-wife. Riverside County requested that if the court ruled on the merits, it should enter a determination of $4,100 (rounded) in arrearages for the withholdings retained by Engineered Tools.

Neither the defendant nor a representative from Riverside County appeared for the hearing, which was attended solely by a Shasta County representative (who suggested the matter be dismissed for want of notice to the ex-wife). The court denied the motion by minute order without expressly stating its reasons for doing so.

### DISCUSSION

### I.

While a district attorney enforcing child support obligations may seek a wage-assignment order for the collection of ongoing support and arrearages (Fam. Code, § 5200 et seq. [undesignated section references will be to this code]), there are a number of alternative procedures available as well. The district attorney can report a delinquency to credit bureaus (§ 4701) or to the state's professional-licensing agencies (which will require the satisfaction of arrearages as a condition of renewal of the license (Welf. & Inst. Code, § 11350.6)). The district attorney may also seek to impose a lien on bank

accounts (Code Civ. Proc., § 697.510 et seq.) or intercept income tax refunds (Rev. & Tax. Code, § 19271 et seq.). Finally, where a county expends public funds for the support of a minor, the district attorney may file an action for reimbursement from the noncustodial parent (Welf. & Inst. Code, § 11350) and for a child support order (*id.*, § 11350.1).

Consequently, while an obligor parent may seek to quash a wage-assignment order (§ 5270 et seq.), the possibility of a district attorney resorting to the alternative means of enforcement has given rise to the practice of motions for the determination of arrearages.[1] In essence, this is some species of declaratory judgment or accounting unconnected with any specific enforcement of the support obligation by the obligee or the district attorney. Even where the obligor parent is seeking by means of the motion to reduce the amount of arrearages claimed, such a motion does not transgress the restriction in section 3651[2] against modifications of accrued support obligations if the obligor can establish a satisfaction or other discharge of the accrued obligation. (*In re Marriage of Trainotti* (1989) 212 Cal.App.3d 1072, 1075 [261 Cal.Rptr. 36].)

The authority for such a motion is uncertain. The parties suggest it comes within the general language of section 290.[3] There appears to be support for this position in *Marriage of Trainotti, supra* (involving the predecessor statute to section 290), which notes accrued arrearages are treated as a money judgment (212 Cal.App.3d at p. 1074) and a court has the inherent authority to determine the amount of a judgment, including any credit to which the judgment debtor is entitled (*id.* at p. 1075). Although this case presents a slight wrinkle in that the existing order was made pursuant to the Welfare and Institutions Code, not the Family Code (a distinction to which we will return at greater length below), this general inherent authority in enforcing judgments should be equally applicable even if the existing order is not strictly within section 290.

As an arrearages motion does not exist in a vacuum, there is one last procedural matter to be addressed. "There is no such thing as an *independent* action to determine arrearages. The arrearages are by definition in relation to

---

[1]We are indebted to the supplementary briefing of the Attorney General, representing Shasta County, for its thorough explanation of the context in which these motions arise and the manner in which the counties enforce child-support obligations.

[2]Subdivision (c) of section 3651 provides, "A support order may not be modified or terminated as to an amount that accrued before the date of the filing of the notice of motion . . . ."

[3]Section 290 provides in pertinent part, "A judgment or order made or entered pursuant to this code may be enforced by the court . . . by such other order as the court in its discretion determines from time to time to be necessary."

an existing order." (*In re Marriage of Lackey* (1983) 143 Cal.App.3d 698, 702 [191 Cal.Rptr. 309].) Thus, a motion to determine arrearages based on a child support order implicates the notice provision of the Family Code, which provides, "After entry of . . . a permanent order in any other proceeding in which there was at issue the . . . support of a child, no modification of the . . . order, and no subsequent order in the proceedings, is valid unless any prior notice otherwise required to be given to a party to the proceeding is served . . . upon the party. For the purposes of this section, service upon the attorney of record is not sufficient." (§ 215.) Any order issued without the prescribed notice is void. (*Gortner* v. *Gortner* (1976) 60 Cal.App.3d 996, 999-1001, fns. 5, 6 [131 Cal.Rptr. 919]; *In re Marriage of Gabriel* (1975) 50 Cal.App.3d 556, 558 [123 Cal.Rptr. 454].)

In response to our request to discuss the absence of notice to either the ex-wife or San Bernadino County, the defendant argues only, "there is nothing in the court record to indicate that the former spouse or [San Bernadino County] have any interest in this matter . . . ." As far as the ex-wife's "interest" is concerned, he is wrong. We have held that the custodial parent, not the child, has the beneficial interest in collecting arrearages in child support. (*In re Marriage of Utigard* (1981) 126 Cal.App.3d 133, 141-143 [178 Cal.Rptr. 546].) However, section 215 does not prescribe notice merely to "interested" parties. It requires notice to be given *only* where prior notice otherwise is "required to be given to a party to the proceeding." Shasta County argues the relevant child support order was contained in the dissolution proceedings for which the ex-wife is a party. However, as we noted above, Shasta County obtained a child-support order pursuant to Welfare and Institutions Code section 11350.1, which in subdivision (a) explicitly states "the caretaker parent shall not be a necessary party in the action." (Accord, *County of Santa Barbara* v. *Flanders* (1976) 63 Cal.App.3d 486, 495 [133 Cal.Rptr. 798] ["the ex-wife was neither a necessary nor a proper party to the instant action"].) And as we held in *County of El Dorado* v. *Spence* (1986) 182 Cal.App.3d 698 [227 Cal.Rptr. 365], a child support order pursuant to the Welfare and Institutions Code is independent of and supersedes any previous support order under the Family Law Act and continues in effect until superseded by a subsequent support order of a family law court. (*Id.* at p. 707.) Thus, even if there were a child-support order issued in connection with the defendant's dissolution proceedings (a fact not established by the appellate record), the order to which the instant motion relates back is a Welfare and Institutions Code child support order for which the ex-wife is not a party. As for San Bernadino County, it was neither a party to the 1987 order nor has it requested assignment of Riverside County's rights (which were assigned from Shasta County, the party to the original proceeding), so the defendant did not need to serve notice on San

Bernadino County, either. Therefore, the trial court properly heard the motion in the absence of notice to these parties.

## II.

■ This brings us to the merits of the motion. Garnishment is a subcategory of attachment where the asset to be attached is in the hands of a third party. (*Meacham* v. *Meacham* (1968) 262 Cal.App.2d 248, 251 [68 Cal.Rptr. 746].) It is a well-established rule that until a plaintiff collects upon a garnishment, the plaintiff may still seek satisfaction of the judgment against the defendant; the judgment against the defendant is reduced only by the amount actually received by the plaintiff. "The judgment against [the defendant] is separate from, and independent of, that against the garnishees. It is true, both judgments are for the same demand, and if either is satisfied, the plaintiff would not be permitted to enforce the collection of the other. But until one is satisfied, the plaintiff's remedy on each is as ample as though no other judgment had been rendered . . . ." (*Price* v. *Higgins* (1822) 11 Ky. [1 Litt.] 273, 274; see *Sophia Wilkes Bldg. & Loan Ass'n.* v. *Rudloff* (1944) 348 Pa. 477, 483 [35 A.2d 278, 281]; *Brown* v. *Somerville* (1855) 8 Md. 444, 459 [" 'an attachment without satisfaction would not, of itself, prevent the plaintiff from resorting to his original debtor' "]; Annot. (1936) 103 A.L.R. 839, 839-840 [citing *Price* and *Brown*]; 38 C.J.S., Garnishment § 293, p. 575.)

Neither we nor the parties have been able to find an analogous set of facts either in the specific context of a wage assignment for support or wage garnishment generally. The sole statute of tangential import is section 5241, which makes a garnished employer liable to the obligee for failure to forward withheld support and also subjects the employer to contempt.[4] Contrary to the defendant's initial argument, however, there is nothing in this language which *limits* the obligee to recovering arrearages from the employer. The statute is in accord with the above general principles of garnishment allowing a plaintiff to resort either to the defendant or to the garnishee until the judgment is satisfied. Section 5241 simply imposes the liability without the need for further court action to establish it, and adds contempt as an option for the obligee.

■ This brings us to the defendant's "agency" theory. As noted earlier, the defendant seeks to avoid his continuing liability for arrearages by

---

[4]To quote the exact wording, "(a) An employer [which] willfully fails to withhold and forward support pursuant to a currently valid assignment order . . . is liable to the obligee for the amount of support not withheld[ or] forwarded . . . . ¶ (b) In addition to any other penalty or liability . . . , willful failure by an employer to comply with an assignment order is punishable as a contempt . . . ." (§ 5241.)

characterizing his employer, the garnishee, as an "agent" of his ex-wife or the various district attorneys and then applying the rule that payment to an authorized agent discharges the debt to the principal. (*Navrides* v. *Zurich Ins. Co.* (1971) 5 Cal.3d 698, 705 [97 Cal.Rptr. 309, 488 P.2d 637, 49 A.L.R.3d 828].) However, the law is otherwise. A garnishee is regarded by the law as akin to a trustee, bound to protect the rights of *all* parties to the assets in the garnishee's possession. (*Agnew* v. *Cronin* (1957) 148 Cal.App.2d 117, 127 [306 P.2d 527], citing *Hardy* v. *Hunt* (1858) 11 Cal. 343, 350; accord, *Murphy* v. *Merchants Nat. Bank of Mobile* (1941) 240 Ala. 688, 694 [200 So. 894, 897] [after service of the garnishment, the garnishee " 'stands in the relation of a stakeholder, and is supposed to be indifferent as between the plaintiff and the defendant' "].) Thus, the garnishee's alleged malfeasance in this case is not imputed to the obligee and is simply a matter for resolution between the defendant and the employer.

## DISPOSITION

The judgment (order) is affirmed.

Puglia, P. J., and Sims, J., concurred.