Filed 11/24/25  Marriage of Hoxie CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| In re Marriage of SCOTT HOXIE and NICHOLE DUARTE-HOXIE. | D083731 |
| SCOTT HOXIE,  Appellant,  v.  NICHOLE DUARTE-HOXIE,  Respondent. | (Super. Ct. No. 20FL000259N) |

APPEAL from a postjudgment order of the Superior Court of San Diego County, Daniel Segura, Judge.  Affirmed.

Scott Hoxie, in pro. per., for Appellant.

Nichole Duarte-Hoxie, in pro. per., for Respondent.

Scott Hoxie (Hoxie) appeals a postjudgment sanctions and attorney fee order in a marital dissolution case against his former spouse, Nichole Duarte-Hoxie (Duarte). Hoxie argues he was not properly served with Duarte's request for order (RFO) papers and that Duarte's attorney made false representations to the family court. Hoxie has failed to show he was not properly served, in part because he has not provided a sufficient record on appeal. The inadequate appellate record also precludes us from finding error with respect to counsel's purportedly false representations. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Based on an exceedingly limited appellate record we discern that in October 2023, Duarte filed an RFO seeking: (1) entry of a stipulated judgment under Code of Civil Procedure section 664.6; (2) sanctions against Hoxie under Family Code[1] section 271, subdivision (a); and (3) attorney's fees under section 2030. The trial court register of actions notes that Duarte filed a proof of service on October 23, 2023, though it is not clear from the entry what was served, or on whom.

On November 21, 2023, the court conducted an RFO hearing and family resolution conference. A judgment of dissolution was entered, and Hoxie's attorney filed a notice of withdrawal that same day. The court continued the hearing on sanctions and fees to January 16, 2024.

On January 8, 2024, Duarte filed a "supplemental declaration," an "amended" lodgment of exhibits, and (possibly) another declaration. Hoxie apparently did not file anything in advance of the hearing.

_____

[1] Undesignated statutory references are to the Family Code.

2

At the January 16 hearing, Hoxie requested "a continuance to be able to file his Response." The court denied the request, noting "this matter has previously been continued" and that Hoxie "was timely served." Duarte, through counsel, "request[ed] attorney fees and sanctions and present[ed] argument." Hoxie responded and "submitted his responsive pleadings, which were reviewed and considered by the Court." "After hearing from both parties[] and reviewing all pleadings," the court awarded $15,000 in sanctions against Hoxie and ordered him to pay $12,500 of Duarte's fees. (See § 271, subd. (a); § 2030.)

## DISCUSSION

Hoxie claims he was not properly served with Duarte's request for order or notice of hearing on the issue of sanctions and attorney's fees. He relies on section 215, subdivision (a), which states: "[A]fter entry of a judgment of dissolution of marriage . . . no subsequent order in the proceedings[] is valid unless any prior notice otherwise required to be given to a party to the proceeding is served, in the same manner as the notice is otherwise permitted by law to be served, upon the party. For the purposes of this section, service upon the attorney of record is not sufficient." Section 215 does not apply to these circumstances, as Duarte's motion for sanctions was served before judgment was entered. Section 215 concerns how service must be made "*after* entry of a judgment," and it is intended to address the peculiarities of dissolution cases in which a court "may retain jurisdiction indefinitely, and years may pass before" a new motion is filed. (See *Gortner v. Gortner* (1976) 60 Cal.App.3d 996, 999–1000 [discussing prior version of statute].) Neither the literal language nor the purpose of section 215 applies here.

3

Hoxie contends his counsel withdrew on October 10, 2023, which he claims is the date the notice of withdrawal was signed. However, counsel remained the attorney of record until a notice of withdrawal was filed on November 21. (See Code Civ. Proc., §§ 284 [counsel may withdraw "[u]pon the consent of both client and attorney, filed with the clerk, or entered upon the minutes"], 285 ["When an attorney is changed, as provided in the last section, written notice of the change and of the substitution of a new attorney, or of the appearance of the party in person, must be given to the adverse party. Until then he must recognize the former attorney"].) Hoxie's contention that he became unrepresented in this matter on October 10 is incorrect, as is the suggestion Duarte should have served him instead of his counsel at this time.

Hoxie also takes issue with Duarte's January 8, 2024 filings. First, although Hoxie appears to concede he was served with these filings, he claims he was not served personally, but electronically. Contrary to Hoxie's contention, section 215 does not require personal service. (See § 215, subd. (a) [party must be served "in the same manner as the notice is otherwise permitted by law to be served"].)

Hoxie also argues he was not timely served with these papers in accordance with Code of Civil Procedure section 1005, subdivision (b), which provides default time limits for filing and serving motion papers. It is unclear how these time limits may apply to Duarte's January 8 filings because Hoxie has not provided us with copies of those papers on appeal. "[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct[,] and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies

4

reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.) An appellant's failure to provide an adequate record generally requires us to resolve issues in favor of the judgment below. (See, e.g., *Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502 (*Hernandez*).) Without knowing what exactly Duarte filed, we cannot conclude the filing contravened any deadline in Code of Civil Procedure section 1005, subdivision (b). The sparse appellate record thus does not permit us to conclude the trial court erred in finding that Hoxie "was timely served."[2]

In any event, Code of Civil Procedure section 1005, subdivision (b), gives the trial court the authority to "prescribe a shorter time" for filing or service of motion papers, and "a trial court has broad discretion to accept or reject late-filed papers." (*Rancho Mirage Country Club Homeowners Assn. v. Hazelbaker* (2016) 2 Cal.App.5th 252, 262.) The court has similarly broad discretion in determining whether to grant a continuance. (See *J.M. v. W.T.* (2020) 46 Cal.App.5th 1136, 1139.) On this record, we are unable to conclude the trial court abused its discretion either by accepting Duarte's January 8 filings or by denying a continuance. Contrary to Hoxie's contention that he did not have sufficient time to respond, the family court's order notes he appeared at the hearing, responded to Duarte's arguments, and "submitted his responsive pleadings, which were reviewed and considered by the Court."

Finally, Hoxie argues that Duarte's attorney made false statements in support of the request for sanctions and fees. But his argument relies entirely on material outside of the record on appeal. Accordingly, he has not

---

[2]    Hoxie's status as a self-represented litigant does not excuse his failure to provide an adequate record. (See, e.g., *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984 ["[M]ere self-representation is not a ground for exceptionally lenient treatment"].)

shown he is entitled to reversal.  (See *Hernandez, supra*, 78 Cal.App.4th at p. 502.)

## DISPOSITION

The postjudgment order is affirmed.  Duarte is entitled to recover her costs on appeal.

DATO, Acting P. J.

WE CONCUR:

KELETY, J.

RUBIN, J.